## 27248. ROBINSON v. THE STATE.

NICHOLS, Justice. This is an appeal from a conviction of rape wherein the defendant was sentenced to serve 15 years and six months. The victim testified that the de-

fendant came to her house shortly before sundown, but she would not admit him to her home and he left; that in the early hours of the next morning she was awakened by the defendant touching her; that she turned the light on in her bedroom and saw the defendant; that he raped her; that he had alcohol on his breath; that as soon as he left she called the police by dialing the operator who connected her with the police; and that a policeman came to her home who, after she told him who raped her, left and later returned with the defendant whom she identified. A neighbor testified as to seeing the defendant go to the victim's home on the afternoon prior to the rape, and the police who investigated the occurrence testified as to a screen having been forcefully removed from a window of the victim's home and dirt, such as would come from a shoe, being just inside the window; and that upon arresting the defendant in his home he had alcohol on his breath. The defendant made an·unsworn statement in which he denied his guilt, denied having been to her home on the prior afternoon and stated that at the time of the occurrence he was home in bed. *Held:*

1. The contention of the defendant that the victim's testimony was not corroborated is without merit. Compare *Ryals v. State,* 125 Ga. 266 (2) (54 SE 168); *Dobbs v. State,* 214 Ga. 206 (1) (104 SE2d 121); *Riggins v. State,* 226 Ga. 381 (5) (174 SE2d 908).

2. A charge to the jury upon the subject of alibi must not place the burden upon the defendant to prove by a preponderance of the evidence or beyond a reasonable doubt that he was not at the scene of the crime. The charge in the case sub judice instructed the jury that the defense of alibi involves a denial of guilt and the impossibility of the accused's presence at the scene of the offense at the time of its commission, and "Evidence as to alibi should be considered by the jury in connection with all other evidence in the case."

"If upon consideration of the evidence as a whole, should

the jury entertain a reasonable doubt as to the guilt of the accused, it would be the jury's duty to acquit. If you believe that a crime was committed as charged in these bills of indictment, but you do not believe that this defendant committed those crimes or either of them or if you should have a reasonable doubt as to whether he committed the crime or either of them, it would be your duty to give him the benefit of that doubt and acquit." The defendant in his statement to the jury raised the issue of alibi and the charge given was authorized and does not show any reversible error. The failure to charge additionally upon the subject of alibi in the absence of a request was not error.

*Judgment affirmed. All the Justices concur.*
SUBMITTED JUNE 12, 1972—DECIDED JUNE 28, 1972—
REHEARING DENIED JULY 12, 1972.

*Casey Thigpen,* for appellant.

*H. R. Thompson, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Daniel I. McIntyre, Deputy Assistant Attorney General,* for appellee.