### 31103. THE STATE v. MOORE.

NICHOLS, Chief Justice.

James Moore was convicted of robbery and on appeal the Court of Appeals, in a divided opinion, reversed such conviction upon the ground that the court's instruction placed the burden of persuasion upon the defendant as to his purported defense of coercion. This court granted certiorari.

1. The issue here is whether a jury instruction placing any burden of persuasion upon a defendant in a criminal case violates substantive due process. Historically the defendant carried this burden in

asserting an affirmative defense and we find no error in the charge in this case. However, in recent years it has been conceived that the presumption of innocence and the requirement that guilt must be proved beyond a reasonable doubt dictate that no such burden may be placed upon a defendant. Some trial courts continue to use such "burden shifting" charges. Other trial courts decline to use them. The members of this court as well as the members of the Court of Appeals have divided on the issue. Consequently the law in this regard has become unsettled and there is a lack of uniformity. In all candor we believe the question is largely academic under modern criminal practice. Apparently the Council of Superior Court Judges entertain thoughts that "burden shifting" charges are inappropriate and not essential to criminal justice. Its recently published pattern jury instructions in criminal cases appear to contain no such charges with the possible exception of the general pattern instruction on accident. Criminal Charge Book, p. 30, Part 1, 16 (A). To the contrary the pattern charge on affirmative defenses provides, ". . . but once an issue of an affirmative defense is raised, the burden of proof rests upon the State as to such issue as it does with respect to all other issues in the case."

After careful consideration this court has concluded that the trial courts would welcome a simple straightforward rule which can be applied easily and would lessen the possibility of error. Also we are of the opinion that the desirability of uniformity in jury instructions outweighs adherence to a rule which is of doubtful value, probably makes overly nice legal distinctions which are difficult for many juries to follow, and so far as can be discerned has little, if any, influence upon verdicts reached in particular criminal cases. Therefore we hold that henceforth charges which place any burden of persuasion upon the defendant in criminal cases shall not be given and such charges will be deemed erroneous and subject to reversal, absent harmless error and invited error. We point out that usual charges on presumptions are not considered "burden shifting" charges, nor are charges that such presumptions may be rebutted. We reiterate that this conclusion is prospective

and applies only to cases tried after the final date of this decision.

2. Furthermore, in the present case the defendant was charged with armed robbery and convicted of robbery. The robbery occurred when, according to all the evidence, four persons were riding in one automobile. The defendant was sitting in the front seat on the right side while the accomplice was sitting in the back seat on the left side. The evidence showed without dispute that the accomplice placed a knife at the driver's throat, forced him to stop the automobile, and directed that he give his money to the defendant. The defendant got out of the automobile and while the accomplice was still inside the automobile and holding a knife at the driver's throat, waited on the accomplice to get out of the car and then they both ran. Neither the state's nor the defendant's evidence showed that any threat was made by the accomplice toward the defendant, nor that the accomplice had any other weapon, and no explanation was made by the defendant as to why he did not run prior to the time the accomplice got out of the automobile. Under such circumstances there were no facts to show that the defendant's so-called fears of injury were reasonable and were fears of immediate violence being inflicted upon him. Compare *Burns v. State,* 89 Ga. 527 (7) (15 SE 748) (1892). Accordingly, any charge that would have authorized the jury to acquit the defendant because he was coerced into aiding the accomplice in the commission of a crime could not constitute reversible error in this case.

*Judgment reversed. All the Justices concur, except Ingram and Hill, JJ., who concur specially, and Gunter, J., who dissents.*

ARGUED MAY 10, 1976 — DECIDED JUNE 29, 1976 —
REHEARING DENIED JULY 16, 1976.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellant.

*John W. Timmons, Jr., Jack H. Affleck,* for appellee.

HILL, Justice, concurring specially.

I concur in the second division of the opinion but not in the first division. I would adopt the decision of the Court of Appeals in this case, *Moore v. State,* 137 Ga. App. 735 (224 SE2d 856) (1976), in lieu of Division 1.

I am authorized to state that Justice Ingram joins in this special concurrence.

GUNTER, Justice, dissenting.

I agree with the opinion and judgment of the Court of Appeals in this case and would affirm that court's judgment.

I respectfully dissent.

ON MOTION FOR REHEARING.

PER CURIAM.

On motion for rehearing the respondent has contended that this court failed to address itself to respondent's motion to dismiss the state's petition for certiorari in this case.

Respondent contends that this court is without jurisdiction to entertain a petition for certiorari on behalf of the state after the reversal of a criminal conviction by the Court of Appeals.

The Georgia Constitution provides: "It shall also be competent for the Supreme Court to require by certiorari or otherwise any case to be certified to the Supreme Court from the Court of Appeals for review and determination with the same power and authority as if the case had been carried by writ of error to the Supreme Court." Code Ann. § 2-3704.

Also, statutory provisions enacted in 1973 provide that the state may file an application for a writ of certiorari in a criminal case (Code Ann. § 6-1003a) "(b) From an order, decision or judgment arresting judgment of conviction upon legal grounds." Code Ann. § 6-1001a.

The reversal of a trial court's judgment of conviction in a criminal case by the Court of Appeals necessarily "arrests" a judgment of conviction "upon legal grounds."

Pursuant to the enactment of the 1973 statutes, this court has consistently granted the state's applications for the writ in criminal cases when this court has deemed the

application of the state to be meritorious.

The respondent's motion to dismiss the state's application on the ground that this court lacks jurisdiction is without merit.

*Respondent's motion denied. All the Justices concur.*