## 31011. LOFTON v. THE STATE.

INGRAM, Justice.

This court granted its writ of certiorari to review the second division of the Court of Appeals opinion in this case reported in 137 Ga. App. 323 (223 SE2d 727) (1976).

It was contended by the defendant in the Court of Appeals that the trial judge erred in failing to instruct the jury "as to the burden of proof on the defense of accident." Defendant was tried and convicted of the offense of simple battery. His defense was that he was intoxicated and his physical contact with the victim was accidental rather than intentional, as contended by the state.

The trial judge charged the jury that the burden was on the state to prove the elements of the crime and that any alleged physical contact by the defendant with the victim must have been intentional. The jurors were also instructed that it was up to them to decide whether the physical contact in this case was intentional or "whether or not it was due to an accident or misfortune."

The defendant's contention is that the trial judge also had a duty to tell the jury specifically that the state had

the burden of proving beyond a reasonable doubt that the offense was not caused by accident. We disagree with this contention.

We do not read the jury charge of the trial judge in this case as imposing any burden of persuasion upon the defendant.[1] The jury clearly understood from these instructions that the defendant contended any physical contact he had with the alleged victim was accidental, not intentional, and that the state had to prove beyond a reasonable doubt that such contact was intentional before the jury would be authorized to convict the defendant. This was not a burden shifting charge, and it is free of the due process error that such a charge would entail.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 5, 1976 — DECIDED JUNE 30, 1976.

*John W. Timmons, Jr., Jack H. Affleck, Jr.,* for appellant.

*Ken Stula, Solicitor,* for appellee.

---

[1]See *State v. Moore,* 237 Ga. 269 (1976), holding it is error for a trial judge to place any burden of persuasion upon a defendant in a criminal case.