### 52697. PERRY v. THE STATE.

SMITH, Judge.

The defendant was indicted on two counts for violation of the Georgia Controlled Substances Act. Count 1 charged possession of marijuana with intent to distribute; Count 2 charged possession of more than one ounce of marijuana. Count 2 was dismissed before the case was submitted to the jury. The defendant was found guilty of possessing marijuana with intent to distribute. He appeals the judgment of conviction.

1. Appellant urges error in the court's allowing the state to introduce into evidence marijuana which was allegedly seized pursuant to an invalid search warrant.

The evidence of which appellant complains related solely to Count 2 of the indictment; this charge was dismissed prior to the submission of the case to the jury. The trial judge instructed the jury in pertinent part as follows: "The State, in open court, has abandoned and moved to dismiss Count Two of this indictment, charging the defendant with violation of the Georgia Controlled Substances Act by possession of more than one ounce of marijuana on January 21, 1976, in this County, and the Court has granted the motion and dismissed Count Two of this indictment; therefore, you will give no further consideration to the offense charged in said Count Two and you will not consider any of the evidence relating to said Count Two, in reaching your determination as to the guilt or innocence of the defendant on Count One of said indictment."

Assuming that the evidence was erroneously admitted into evidence, the error was rendered harmless by the court's removing the evidence from the jury's consideration and instructing the jury not to consider it during their deliberations.

2. Appellant urges error in the following portion of the court's charge to the jury: "A reasonable doubt is just what the term implies. It is a doubt based on reason. It is not a fancy, or a conjecture, or a supposition that the defendant *might be innocent. . ."* (Emphasis supplied.) Appellant contends that by including the italicized portion of the above charge, the court made a direct implication of probable guilt.

Although we do not approve of the reference to the innocence of the defendant in the portion of the charge complained of, we find no harmful error in the charge considered as a whole. The following was charged after the language of which appellant complained. "The defendant enters upon his trial with the presumption of innocence in his favor and this presumption remains with him throughout the trial unless and until it is overcome by evidence sufficiently strong to satisfy you of his guilt to a reasonable and moral certainty and beyond a reasonable doubt." The charge as a whole made it clear that the defendant was presumed innocent. The charge to the jury must be taken as a whole and each part thereof

considered in connection with every other part of the charge. *Hightower v. State,* 135 Ga. App. 275, 277 (217 SE2d 636). We find no reversible error in the court's charge to the jury.

3. The remaining enumerations of error are without merit.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

SUBMITTED SEPTEMBER 9, 1976 — DECIDED SEPTEMBER 29, 1976.

*Thomas F. Jarriel,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney,* for appellee.