## 31817. FOX v. THE STATE.

NICHOLS, Chief Justice.

Appellant was convicted of murder and sentenced to life imprisonment. He appeals, contending the evidence did not support the verdict.

1. The victim, David Willis, was found dead of a gunshot wound to the chest. The state's evidence showed that appellant had argued with Willis in the latter's apartment prior to the killing. Appellant then left and returned with a pistol, whereupon several shots were fired. He then returned to his own residence where, according to several witnesses, he announced that he had just killed a man. He returned once again to the scene of the shooting after police had arrived and was arrested on the advice of certain neighbors of the deceased. A pistol

taken from his pocket pursuant to the arrest was identified by a ballistics expert as the murder weapon. Although he denied any knowledge of the shooting at the time of his arrest, appellant testified at trial that he had shot Willis in self-defense.

Appellant urges that no evidence was introduced to show malice or to rebut his testimony that he had shot in self-defense. "If a homicide is proved, and the evidence adduced to establish it shows neither mitigation nor justification, malice will be presumed from the proof of the homicide; but the presumption is rebuttable, and may be overcome by evidence of alleviation or justification." *Boyd v. State,* 136 Ga. 340 (3a) (71 SE 416) (1911); *Miller v. State,* 184 Ga. 336, 338 (191 SE 115) (1937); *Graham v. State,* 234 Ga. 520, 521 (216 SE2d 817) (1975). The state's evidence, which indicates no element of mitigation or justification whatsoever, was sufficient to establish malice beyond a reasonable doubt. The jury evidently chose to disbelieve appellant's testimony that he had acted in self-defense, as was its prerogative. See *Thompson v. State,* 204 Ga. 407 (4) (50 SE2d 74) (1948); *Clenney v. State,* 229 Ga. 561 (2) (192 SE2d 907) (1972); *Young v. State,* 232 Ga. 176 (205 SE2d 307) (1974). There was no error in refusing to set aside the verdict as not being supported by the evidence.

2. Appellant assigns as error the trial court's failure to give his requested charge on the defense of justification, contending that the court's charge on this issue was unconstitutionally burden-shifting. The court's charge was as follows: "Now, ladies and gentlemen of the jury, where the defense of justification is offered, it is the duty of the jury to consider it along with all the testimony in the case, and if the evidence, taken as a whole, raises a reasonable doubt in the mind of the jury of the defendant's guilt, you should acquit him." This was a proper charge and did not place any burden of persuasion on the defendant. See *State v. Moore,* 237 Ga. 269, 270 (227 SE2d 241) (1976); *Lofton v. State,* 237 Ga. 275 (227 SE2d 327) (1976).

The charge given covered the principle of law involved in the defendant's request, and the failure to charge in the exact language requested does not

constitute reversible error. Compare *Young v. State,* 226 Ga. 553 (5) (176 SE2d 52) (1970).

3. Appellant urges that the trial court erred in charging the jury on flight, since he was arrested at the scene of the crime. The evidence shows, however, that he left the scene after the killing occurred and returned only to make certain that the victim was dead. Furthermore, he made no attempt to turn himself in and denied any knowledge of the shooting upon his arrest. Under these circumstances, the charge on flight was not error, particularly where the charge did not assume that flight had been proven.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 27, 1976 — DECIDED JANUARY 28, 1977 — REHEARING DENIED FEBRUARY 23, 1977.

*Oehlert, Kermish, Labovitz, Marcus & Brazier, Stephen A. Kermish,* for appellant.

James P. Fox, *pro se.*

*Lewis R. Slaton, District Attorney, Dean R. Davis, Assistant District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Staff Assistant Attorney General,* for appellee.

