## 33486. HOLLOWAY v. McELROY.

UNDERCOFLER, Presiding Justice.

We granted Holloway's application to review the denial of his habeas corpus petition in order to consider a "burden-shifting" charge on justification. Holloway was indicted for murder, but was convicted of voluntary manslaughter. The Court of Appeals affirmed. 137 Ga. App. 124 (222 SE2d 898) (1975). His defense at trial was self-defense. The charge now attacked was neither objected to at trial nor enumerated as error on appeal. Two issues are presented here: (1) Has the question been waived by the failure to raise it on direct appeal, and (2) if not, did the charge place an unconstitutional burden of proof on the defendant? We answer both questions in the negative and affirm.

1. The state urges that since Holloway did not raise the burden-shifting issue on his appeal,[1] he has waived the right to raise it on habeas corpus.[2] See, e.g., *Shoemake v. Whitlock*, 226 Ga. 771 (177 SE2d 677) (1970). However, Holloway's trial occurred on May 1, 1975, prior to our decision in *State v. Moore*, 237 Ga. 269 (227 SE2d 241) (1976), where we held that this court in the future would not approve burden-shifting charges. Holloway's trial was also prior to Mullaney v. Wilbur, 421 U. S. 684 (1975), which the Supreme Court, in Hankerson v. North Carolina, 432 U. S. 233 (1977), held was fully retroactive. Since the issue involves law developed after Holloway's trial, we do not consider the issue waived and reach its merits. See generally *Parrish v. Hopper*, 238 Ga. 468 (233 SE2d 161) (1977) (Hall, J., concurring specially).

2. The charges on justification complained of by Holloway are clearly not erroneous. Patterson v. New York, 432 U. S. 197 (1977); *Chandle v. State*, 230 Ga. 574 (198 SE2d 289) (1973). The trial court charged that the

[1] The state also contends Holloway waived the issue by failure to object at trial. This is clearly not so. Code Ann. § 70-207.

[2] We express no opinion whether it could be raised on habeas if he had not taken an appeal.

defendant had no burden of proving anything until the state has "shown to a moral and reasonable certainty and beyond a reasonable doubt that the defendant is the intentional slayer. . ." The burden placed on the defendant to excuse the homicide is an affirmative defense. Code Ann. § 26-907. The defendant is not required to negate any of the elements of the crime which the state must prove to convict. Under Patterson, supra, where the defendant is required to carry the burden of persuasion of an affirmative defense, there is no denial of due process. The habeas trial court correctly denied Holloway's petition.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only as to Division 2.*

ARGUED MAY 8, 1978 — DECIDED JUNE 9, 1978.

*Roberts, Roberts & Rainwater, Lawrence W. Roberts,* for appellant.
*Arthur K. Bolton, Attorney General, John W. Dunsmore, Assistant Attorney General,* for appellee.