## 60989. RICKS v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted and convicted of the offense of armed robbery. Motion for new trial was filed on behalf of defendant and subsequently denied. Defendant appeals, enumerating as error portions of the charge to the jury and the admission into evidence of certain testimony for the purpose of showing a conspiracy. *Held:*

1. Defendant enumerates as error the trial court's charge to the jury on reasonable doubt. The charge in question is the same which this court declined to approve but found no harmful error in *Perry v. State,* 139 Ga. App. 705, 706 (2) (229 SE2d 519). However, in that case in declining to find any harmful error, it was held that in considering the charge "as a whole . . . [t]he charge . . . made it clear that the defendant was presumed innocent." *Perry v. State,* 139 Ga. App. 705, 706 (2), supra.

In the case sub judice defendant contends that "the charge, considered as a whole, does not vitiate the implication of probable guilt and that such an implication constitutes harmful error . . ." We must reject defendant's contentions, however, despite our continuing disapproval of the reference to the terminology "or a supposition that the defendant might be innocent" in the portion of the charge complained of, the charge to the jury given in the case sub judice taken as a whole, each part of the charge being considered in connection with every other part of the charge, can only be viewed as having clearly stated that the defendant was presumed innocent. This enumeration of error presents no reversible error.

2. Defendant enumerates as error the trial court's charge to the jury on "criminal intention" which stated that "[a] person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which

the person is accused is prosecuted." Defendant's contention that this charge is burden-shifting is without merit. The charge places no burden upon the defendant and merely states a permissive presumption which the jury is authorized to utilize. No reasonable jury could have given persuasion shifting effect to this language, which merely presented a question of fact to the jury. Morissette v. United States, 342 U. S. 246, 274-275 (72 SC 240, 96 LE 288).

3. The defendant enumerates as error the charge of the trial court on the elements of the crime of armed robbery, contending that the term "offensive weapon" should have been defined for the jury to aid them in their determination. The indictment specified the "offensive weapon" in the case sub judice as a knife and the evidence disclosed that a knife was held to the throat of the convenient store employee during the robbery. The employee testified that she "felt the blade to my throat." Terms of common usage need not be specifically defined in instructing a jury. Anderson v. State, 226 Ga. 35, 36 (2) (172 SE2d 424). The phrase "offensive weapon" is such a term; therefore, this contention is without merit.

Defendant raises for the first time on appeal the contention that the trial court should have charged the jury on the lesser included offense of robbery by intimidation. The decision of the trial court not to charge on the lesser crime was discretionary, and, in the absence of a written request by the state or the accused, was not error. State v. Stonaker, 236 Ga. 1, 2 (222 SE2d 354).

4. Defendant contends that the trial court erred in its charge to the jury when it stated that "the defendant in this case contends that he was not presence [sic] at the scene of the offense at the time of its commission if an offense was committed." Defendant argues that the comment by the trial court as to the defendant's contentions in the trial court amounted to a comment on the defendant's exercising of his right to remain silent and decline to testify and that such comment taken together with the substance of the trial court's charge on alibi shifted the burden to the defendant to prove that he was not at the scene of the offense. We find no merit to this contention.

A defendant's contentions may be presented not only by his testimony but by pleadings, the evidence of the witnesses he produces at trial and the arguments of his attorney. We do not believe that the trial court's statement as to defendant's contentions can in any reasonable manner be considered a comment on defendant's decision to remain silent.

Furthermore, the charge on alibi given by the trial court was correct, specifically stating that the burden of proof as to such issue rests upon the state. The charge in question stated that alibi as a defense involves the impossibility of the accused's presence at the

scene of the offense at the time of its commission and that any evidence in the nature of an alibi should be considered by the jury in connection with all other facts in the case. This enumeration of error is without merit. *Robinson v. State,* 229 Ga. 319, 320 (2) (191 SE2d 41).

5. The defendant objects to testimony that within a few hours prior to the robbery of the convenient store with which defendant is charged in the case sub judice he had been involved along with others in the planning of another robbery. Such evidence shows the defendant's plan, motive, scheme, bent of mind, and is admissible even though it incidentally results in the admission of evidence of a separate offense. The trial court did not err in admitting this testimony. *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515).

*Judgment affirmed. Banke, J., concurs. Smith, J., concurs in the judgment only.*

SUBMITTED NOVEMBER 3, 1980 — DECIDED DECEMBER 2, 1980 —

*Thomas F. Jarriel,* for appellant.
*W. Donald Thompson, District Attorney, Thomas Matthews, Assistant District Attorney,* for appellee.