### 37627. JARRELL v. ZANT.

MARSHALL, Justice.

Jarrell is under two sentences of death for murder and kidnapping. We granted his application to appeal the dismissal of his petition for habeas corpus. His petition asserts 22 enumerations of error. We find that 19 of these errors could have been raised previously or have been decided adversely to the petitioner's contentions in previous appeals or are without merit. *Jarrell v. Hopper,* 242 Ga. 617 (250 SE2d 446) (1978);[1] *Jarrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975). The three remaining enumerations of error involve questions of law. Accordingly, we deem the dismissal of the petition as a denial of these grounds and address them here.

---

[1] The enumerations raised in this petition and dealt with in Division 1 are not prohibited by Code Ann. § 50-127 (10) because the decision relied upon, *Spivey v. State,* 241 Ga..477 (246 SE2d 288) (1978), and its predecessors, *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1977), and *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977), were decided after the institution and hearing of petitioner's first petition for habeas corpus. Hence Enumerations of error 1 and 2 could not reasonably have been raised in the original petition. Code Ann. § 50-127 (10). Because the defendant must be resentenced, we proceed to correct the error discussed in Division 2.

1. Enumerations of error 1 and 2 complain that the trial court's charge in the sentencing hearing was deficient in two respects. First, it failed to inform the jury that it could recommend life imprisonment even if aggravating circumstances were found. Second, it failed to charge on mitigating circumstances. We agree with the contention in Enumeration of error 1. As stated in *Zant v. Gaddis,* 247 Ga. 717, 720 (279 SE2d 219) (1981), "In the case at hand, the trial court specifically authorized the jury to consider all evidence received in both phases of the trial. The charge was therefore constitutionally sufficient as to the consideration of mitigating circumstances. However, the trial court's charge failed to meet the second requirement of the *Spivey* test [*Spivey v. State,* 241 Ga. 477 (246 SE2d 288) (1978)] that it inform the reasonable juror that he could recommend life imprisonment even if he should find the presence of one or more of the statutory aggravating circumstances. Nowhere in the charge is this option made clear to the jury. Therefore, the trial court's judgment granting the writ of habeas corpus must be affirmed and the petitioner must be granted a new trial as to sentence."

Accordingly, the trial court is directed to order a new sentencing hearing or enter a life sentence on the murder conviction.

2. Enumeration of error 11 complains that Jarrell was indicted for simple kidnapping and that the death penalty is not authorized for that crime. We agree. As stated in *Allen v. State,* 233 Ga. 200, 202 (210 SE2d 680) (1974), "Under the kidnapping statutes (Code Ann. § 26-1311) there are at least three categories of kidnapping, to wit: kidnapping, kidnapping for ransom and kidnapping with bodily injury to the victim. In simple kidnapping cases the sentence is one to twenty years. In the other two cases the sentence is either life imprisonment or death. . .

"Thus, the indictment here was for the lower grade of kidnapping for which a sentence of from one to twenty years is provided.

"While the rape of the victim is sufficient evidence of bodily injury to permit the imposition of a greater sentence (*Henderson v. State,* supra), yet the indictment must be for the higher grade of kidnapping in order to authorize such greater sentence."

Accordingly, the death sentence for kidnapping is vacated and the trial court is directed to enter sentence as provided by law.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Jordan, C. J., who concurs in the judgment only. Weltner, J., not participating.*

DECIDED NOVEMBER 5, 1981 — REHEARING DENIED NOVEMBER 18, 1981.

*J. M. Raffauf,* for appellant.

*Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.