## 40067. WALDEN v. THE STATE.

SMITH, Justice.

Appellant Eugene Walden, Jr. was indicted for murder in connection with the January 10, 1982 shooting death of Marion Holley. Appellant was tried before a Jefferson County jury, convicted, and sentenced to life imprisonment. On appeal he enumerates as error three portions of the trial court's charge to the jury. We affirm.

On the night of January 10, Holley was seated at the bar of Hannah's Cafe in Jefferson County. Appellant entered the bar and soon he and Holley began arguing. The argument escalated into a scuffle in which Holley shoved appellant against the back wall of the cafe. Appellant freed himself and began walking toward the exit, as if to leave. Suddenly he reversed his direction, pulled a pistol from his coat pocket, and from a distance of approximately ten feet, shot Holley in the chest, killing him. When police arrived minutes later, appellant met them in the street outside the cafe. He turned himself in, stating, "I just shot a man."

At trial appellant admitted shooting Holley, but claimed that his actions were justified as self-defense. He testified that Holley had previously made homosexual advances toward him, that he was once attacked by a homosexual and was afraid of them, and that on the night of January 10, Holley again made advances and threatened to kill him if he did not comply. Witnesses testified that prior to the shooting, Holley told appellant that he was "tired of messing with him." Appellant asked to be left alone and added, "I told you if I want to love somebody, I'll love a woman," to which Holley replied, "You didn't say that last night." Shortly thereafter, Holley shoved appellant and the shooting occurred. According to other trial testimony, Holley had a reputation as a peaceful man and was not known to carry a weapon.

Prior to deliberations, the trial judge charged the jury concerning the crimes of murder, voluntary manslaughter, involuntary manslaughter, and the justification of self-defense. The jury returned a verdict of guilty of the offense of murder.

1. In his first enumeration appellant contends that the trial court erred by giving the following charge: "Malice shall be implied where no considerable provocation appears and where all of the circumstances of the killing show an abandoned and malignant heart." Appellant argues that this language relieved the state of its burden of proving malice, an essential element of the crime of murder. See Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979).

This same argument was made and rejected in *Stevens v. State,* 247 Ga. 698, 706 (278 SE2d 398) (1981), and *Tucker v. State,* 245 Ga. 68, 70 (263 SE2d 109) (1980). In *Tucker* we concluded that the inference created by the above-quoted charge "does not 'undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt.' Rather it leaves the trier of fact 'free to credit or reject the inference and does not shift the burden of proof . . .' " Id. This enumeration is without merit.

2. Next appellant contends that the court erred in charging that "a reckless disregard for human life may be equivalent to the specific intent to kill." This charge was approved by this court in *Hardy v. State,* 242 Ga. 702, 705 (251 SE2d 289) (1978). See also *Myrick v. State,* 199 Ga. 244 (34 SE2d 36) (1945).

3. In his third enumeration, appellant argues that the court's justifiable homicide charge was erroneous in that it failed to advise the jury that the burden of proving self-defense was not on the defendant. Specifically, he objects to the following portion of the trial court's charge: "[I]t will be your duty and responsibility to determine . . . if the crime has been proven by the State beyond a reasonable doubt, and if you entertain a reasonable doubt that the defendant is guilty . . . then to determine whether or not justifiable homicide has been established in the case to your satisfaction. However, I charge you that there is no burden of proof that rests upon the defendant to prove anything. The State has the entire burden of proof to prove that a crime has been committed, and if that burden has not been met in accordance with the instructions, then a verdict of not guilty would be returned."

In *State v. Moore,* 237 Ga. 269 (227 SE2d 241) (1976), this court recognized that while the initial burden of producing evidence to support an affirmative defense rests with the defendant, the burden of persuasion as to all issues in a criminal trial always remains with the state. Thus "[w]here a defendant raises an affirmative defense and testifies to the same, the burden is on the State to disprove the defense beyond a reasonable doubt." *State v. Royal,* 247 Ga. 309, 310 (275 SE2d 646) (1981). Appellant argues that, under these authorities, the above-quoted charge impermissibly placed on him the burden of proving self-defense. We do not agree.

Nowhere does the challenged instruction state that the defendant must shoulder the burden of proving his self-defense claim. To the contrary, it states plainly that "there is no burden of proof that rests on the defendant to prove anything," including self-defense.

It is true, as appellant argues, that the charge should have addressed the allocation of the burden of proof on this issue, and that "the better practice is to specifically advise the jury that the burden of proof with regard to the offense is on the state and is not on the defendant to prove the defense." *Jolly v. State,* 164 Ga. App. 240, 242 (296 SE2d 784) (1982). But when considered in the context of the entire charge, see *Lumpkin v. State,* 249 Ga. 834, 836 (295 SE2d 86) (1982), the challenged instruction correctly stated the applicable law. We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 27, 1983.

*William S. Askew,* for appellant.

*H. Reginald Thompson, District Attorney, Robert J. Cropp, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.