## 44511. WILLIAMS v. THE STATE.
### (356 SE2d 872)

BELL, Justice.

The appellant, Roy Lee Williams, appeals from his conviction of the felony murder of his wife, Barbara Arnold Williams, for which he was sentenced to life imprisonment.[1]

Appellant and the victim had a long history of domestic difficulties over the past fifteen years. On March 1, 1986, the victim and her son, Keithan Arnold, were traveling together in the appellant's automobile. While Arnold was driving, the automobile struck another vehicle. Arnold was arrested and jailed. The victim returned to her resi-

---

[1] The victim was killed on March 1, 1986. The indictment was returned on June 17, 1986. The indictment had three counts, charging the defendant with malice murder and two other offenses which were subsequently dead docketed. The appellant was convicted of felony murder and sentenced on October 8, 1986. A motion for a new trial was filed on October 9, 1986. The appellant's motion for a new trial was denied on March 19, 1987. Williams filed a notice of appeal on March 23, 1987. The transcript was certified by the superior court on April 2, 1987. The case was docketed on April 3, 1987, and was submitted on May 15, 1987.

dence, where she argued with the appellant over the wreck. Later, while she was on the telephone with her son, the appellant fatally shot her in the neck with a handgun.

1. After reviewing the evidence in a light most favorable to the prosecution, we conclude that the evidence is sufficient to support Williams' conviction, in that any rational trier of fact could have found the appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's sole enumeration of error on appeal is that the trial court erred in failing to specifically charge the jury that the state must prove beyond a reasonable doubt that the appellant's shooting of the deceased was not accidental. The appellant contends that the jury charge was therefore burden shifting. We disagree.

The trial court fully charged on the defendant's presumption of innocence and the state's burden of proof beyond a reasonable doubt. In addressing the accident defense, the trial judge instructed the jury that, "if you find from the evidence in this case that the incident, which is the subject matter of this case, occurred as a result of misfortune or accident, then it would be your duty to acquit the defendant. Any evidence as to misfortune or accident should be considered by the jury in connection with all the other evidence in the case. And if in doing so the jury should entertain a reasonable doubt as to the guilt of the accused, it would be the jury's duty to acquit." Having read the instructions as a whole, we find no error. *Lofton v. State*, 237 Ga. 275 (227 SE2d 327) (1976). Furthermore, the appellant's counsel reviewed the charge before it was given and stated that it did not find it objectionable. Thus, the appellant waived the right to object to the charge.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 19, 1987.

*Chandelle Turner*, for appellant.

*Lewis R. Slaton*, District Attorney, *Michael J. Bowers*, Attorney General, *Eddie Snelling, Jr.*, Assistant Attorney General, for appellee.