S01A0623. BRUCE v. SMITH.
(553 SE2d 808)

FLETCHER, Chief Justice.

We affirmed Richard Bruce's murder conviction on direct appeal, rejecting his argument that the trial court should have given his requested charge on the state's burden of proof on his affirmative

defense.[1] Nine years later, we expressly overruled that specific holding.[2] Bruce then filed a petition for habeas corpus alleging that he was denied his constitutional right to due process when the trial court failed to give the requested charge, but the habeas court dismissed the petition as successive and barred by res judicata under state law. We granted Bruce's application to appeal to consider whether the trial court's failure to charge the jury on the state's burden to disprove his accident defense entitles him to habeas corpus relief. Although the trial court erred in dismissing Bruce's petition, we conclude that he is not entitled to habeas relief because the omission of the requested jury charge at his murder trial did not violate his constitutional right to due process.

## PRIOR PROCEEDINGS

Bruce was convicted in 1988 of the felony murder of his girlfriend's sixteen-month-old son. At his trial, Bruce requested that the trial court give the following charge on the state's burden of proof on the affirmative defense of accident: "Once there is evidence of an accident, the burden of proof is upon the state to prove beyond a reasonable doubt that the death of the victim was not an accident." The trial court did not give the requested charge, and Bruce reserved his objections to the charge. On direct appeal, Bruce contended that the trial court erred in failing to give the requested charge since the defendant did not have the burden to prove his defense. Reviewing the charge given, we held in division three of *Bruce I* that it covered substantially the same principles as Bruce's requested charge and, therefore, the trial court did not err in failing to give the charge.[3] In 1994, Bruce filed an application for the writ of habeas corpus in state court, but did not raise the jury charge claim in that petition. In 1999, Bruce filed a second state habeas petition based on our overruling of *Bruce I* in *Bishop v. State*. Bruce appeals from the habeas court's dismissal of this second petition.

## NO PROCEDURAL BAR TO CLAIM

1. When considering a successive petition under Georgia law, the habeas court must first determine whether the petitioner is entitled to a hearing on the merits of his claim.[4] OCGA § 9-14-15 provides that a petitioner must raise all grounds for relief in the first petition for habeas corpus, but an exception exists when the claim could not

---

[1] See *Bruce v. State*, 259 Ga. 798 (387 SE2d 886) (1990) (*Bruce I*).
[2] See *Bishop v. State*, 271 Ga. 291 (519 SE2d 206) (1999).
[3] See *Bruce I*, 259 Ga. at 799.
[4] See *Tucker v. Kemp*, 256 Ga. 571, 573 (351 SE2d 196) (1987).

reasonably have been raised in the initial petition. We have previously considered a second petition challenging jury instructions when the petitioner's claim was based on cases decided after his first habeas petition.[5] Similarly, we find in this action that Bruce could not reasonably have challenged the omission of the requested jury charge as a due process violation in his first state habeas petition because he had raised the issue on direct appeal and this Court had rejected his claim. If Bruce had attempted to raise the jury charge claim again as a grounds for relief in his first habeas petition, the claim would have been rejected as res judicata.[6] Therefore, we conclude that the jury charge claim in this second petition is not barred as successive, despite the filing of a prior habeas petition.

2. Without a change in the facts or the law, a habeas court will not review an issue decided on direct appeal.[7] Whether Bruce's due process claim should be dismissed as res judicata depends on whether there has been an intervening change in the law since we decided the issue in his direct appeal.

A review of our decisions on the burden of proof related to affirmative defenses in criminal cases shows that the issue is a difficult one that has challenged this Court for three decades.[8] The problem stems from the evolving concept of due process and our attempts to follow a series of decisions from the United States Supreme Court concerning burden-shifting charges in criminal cases.[9] As a result of two cases decided in June 1976,[10] a conflict developed in our state case law concerning whether it was reversible error for a trial court to refuse to charge the jury, when requested, that the state had the burden of disproving an affirmative defense. In one line of cases, including our

---

[5] See *Jarrell v. Zant*, 248 Ga. 492 n. 1 (284 SE2d 17) (1981); cf. *Holloway v. McElroy*, 241 Ga. 400 (245 SE2d 658) (1978) (defendant did not waive right to bring claim in first habeas petition by failing to raise issue on direct appeal because claim involved law developed after his trial). But see *Tucker v. Kemp*, 256 Ga. at 573-574 (providing alternative rationale for *Jarrell v. Zant*).

[6] See *Brown v. Ricketts*, 233 Ga. 809, 811 (213 SE2d 672) (1975); *White v. Hornsby*, 191 Ga. 462, 463-464 (12 SE2d 875) (1941).

[7] See *Johnson v. Zant*, 249 Ga. 812, 816 (295 SE2d 63) (1982); *Zant v. Campbell*, 245 Ga. 368, 369 (265 SE2d 22) (1980); *Hammock v. Zant*, 243 Ga. 259, 260 n. 1 (253 SE2d 727) (1979).

[8] See *State v. Moore*, 237 Ga. 269 (227 SE2d 241) (1976); see also *Moore v. State*, 137 Ga. App. 735 (224 SE2d 856) (1976), rev'd, 237 Ga. 269 (227 SE2d 241) (1976) (discussing confusion in case law on whether defendant ever has burden of proof or persuasion in a criminal case).

[9] See *In re Winship*, 397 U. S. 358 (90 SC 1068, 25 LE2d 368) (1970); *Mullaney v. Wilbur*, 421 U. S. 684 (95 SC 1881, 44 LE2d 508) (1975); *Patterson v. New York*, 432 U. S. 197 (97 SC 2319, 53 LE2d 281) (1977). See generally *Parrish v. Hopper*, 238 Ga. 468, 478-479 (233 SE2d 161) (1977) (Hall, J., concurring specially) (discussing court's recent concern with "possible burden-shifting effect of certain time-honored charges on presumptions and affirmative defenses" based on changing notions of fairness and due process).

[10] See *Moore*, 237 Ga. at 269-270; *Lofton v. State*, 237 Ga. 275 (227 SE2d 327) (1976).

1990 decision in Bruce's direct appeal, we have held that failing to give the requested charge is not error when the charge as a whole is correct and does not impose any burden on the defendant.[11] In the second line of cases, we have held that it is reversible error to omit the requested charge when it is a correct statement of the law and adjusted to the evidence.[12]

In *Bishop*, we recognized this conflict and adopted the rule from the latter line of cases, holding that it is reversible error for a trial court to refuse to give a requested charge on the state's burden to disprove an affirmative defense beyond a reasonable doubt. We also expressly overruled our contrary holding in division three of *Bruce I* and any other case that relied on it.[13] We conclude that this overruling of contrary authority in *Bishop* is an intervening change in the law sufficient to permit review of Bruce's substantive claim in this habeas petition. Accordingly, we reverse the habeas court's dismissal of his petition and address the merits of his claim as part of our appellate function to clarify the law.[14]

## TRIAL COURT'S FAILURE TO GIVE CHARGE

3. Our state habeas corpus statute provides relief only for a substantial denial of constitutional rights under the United States Constitution or the Georgia Constitution.[15] To obtain habeas relief, a petitioner must prove by a preponderance of the evidence that the judgment attacked is invalid because a constitutional right was violated.[16] Whether Bruce is entitled to substantive relief on his habeas claim depends on whether the trial court's omission of the requested charge at his murder trial violated his constitutional right to due process.

A jury charge that places the burden of persuasion on the defendant to establish innocence violates the defendant's constitutional right to due process.[17] In *Lofton v. State*, we concluded that the trial court did not impose any burden of persuasion on the defendant by failing to tell the jury that the state had the burden of proving

---

[11] See *Ross v. State*, 268 Ga. 122, 125 (485 SE2d 780) (1997), overruled by *Bishop*, 271 Ga. at 291-292; *Williams v. State*, 257 Ga. 186, 187 (356 SE2d 872) (1987); *Walden v. State*, 251 Ga. 505, 507 (307 SE2d 474) (1983); *Fox v. State*, 238 Ga. 387 (233 SE2d 341) (1977); *Lofton*, 237 Ga. at 276.

[12] See *Griffin v. State*, 267 Ga. 586, 586-587 (481 SE2d 223) (1999); *Anderson v. State*, 262 Ga. 7, 9-10 (413 SE2d 772) (1992), overruled on other grounds by *Coleman v. State*, 264 Ga. 253 (443 SE2d 626) (1994); *State v. Shepperd*, 253 Ga. 321 (320 SE2d 154) (1984).

[13] See *Bishop*, 271 Ga. at 291-292.

[14] See Appellate Court Performance Standards, Standard 1.2 (1995).

[15] See OCGA § 9-14-42 (a); *Parker v. Abernathy*, 253 Ga. 673, 674 (324 SE2d 191) (1985).

[16] See *Gaither v. Gibby*, 267 Ga. 96, 97 (475 SE2d 603) (1996).

[17] See *Bridges v. State*, 268 Ga. 700, 703 (492 SE2d 877) (1997).

beyond a reasonable doubt that the offense was not caused by accident.[18] Likewise, the omission of a similar jury charge at Bruce's trial did not place any burden of persuasion on him.

Moreover, a review of the charge given shows that the trial court correctly informed the jury on the state's burden of proof. The trial court instructed the jury that the defendant was presumed innocent, the state had the burden of proving every element of the crime beyond a reasonable doubt, the intent to commit the crime was an essential element that the state had to prove, the burden of proof remained with the state and never shifted to the defendant, and the jury had a duty to acquit if the evidence showed the incident occurred as a result of misfortune or accident. Adhering to our ruling in *Lofton*, we hold that the trial court's failure to additionally charge the jury that the state must disprove the affirmative defense beyond a reasonable doubt did not violate Bruce's constitutional right to due process by shifting the burden of persuasion on the accident defense to him.[19]

This holding is consistent with our decision in *Bishop* adopting a rule of criminal procedure. As a result of *Bishop*, trial judges are required to give a jury charge on the state's burden to disprove an affirmative defense beyond a reasonable doubt when (1) the defendant raises an affirmative defense and offers evidence to support it; (2) the defendant requests a specific charge on the state's burden of proof concerning the defense; and (3) the requested charge is a correct statement of the law and is adjusted to the evidence.[20] Neither *Bishop* nor any of our earlier cases hold that the federal or state due process clause mandates the giving of the charge. Instead, we adopted the rule as a judicial remedy to increase the fairness of the trial, eliminate jury confusion on the issue, and establish uniformity among trial courts.[21] Because the rule involves an issue of state procedural law that does not rise to the level of constitutional significance, it cannot be the basis for a collateral attack, such as Bruce's petition.[22]

In conclusion, we reverse the trial court's dismissal of Bruce's petition because it was not successive or barred by res judicata. On the merits, we conclude that the trial court's failure to give the requested charge did not violate Bruce's constitutional rights and he is not entitled to habeas relief for a violation of state procedural law.

---

[18] See 237 Ga. at 275-276.

[19] See *Williams*, 257 Ga. at 187; *Lofton*, 237 Ga. at 276.

[20] See 271 Ga. at 291.

[21] See *Walden*, 251 Ga. at 507 (" 'the better practice is to specifically advise the jury that the burden of proof . . . is not on the defendant to prove the defense' ").

[22] See *Harris v. State*, 273 Ga. 608, 610 (543 SE2d 716) (2001); *Taylor v. State*, 262 Ga. 584, 586 (422 SE2d 430) (1992).

On remand, the habeas court should deny Bruce's petition on its merits.

*Judgment reversed with direction. All the Justices concur, except Benham, Hunstein and Thompson, JJ., who concur in part and dissent in part.*

BENHAM, Justice, concurring in part and dissenting in part.

While I agree completely with the holdings in the first and second divisions of the majority opinion and with the reversal of the trial court's dismissal of Bruce's habeas corpus petition, I cannot join in the inappropriate discussion of and decision on the merits of Bruce's claim. Accordingly, I concur in the judgment of reversal and dissent to the portion of the judgment of this Court directing the trial court to deny Bruce's petition on its merits.

"This Court and the Court of Appeals are courts of review. [Cits.] As appellate courts, we are courts for the correction of errors of law made by the trial courts. [Cit.] . . . An error of law has as its basis a specific ruling made by the trial court." *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999). "Issues which have not been ruled on by the trial court may not be raised on appeal." *Georgia Dept. of Natural Resources v. Coweta County*, 261 Ga. 484 (405 SE2d 470) (1991). The review of judgments denying habeas corpus relief is not an exception to our role as an appellate court. The superior court to which Bruce submitted his petition for a writ of habeas corpus did not rule on the merits of his petition because it determined that the petition should be dismissed. That decision was erroneous, but the remedy for that error is not for this Court to bypass the role of the lower court and decide the case on its merits, but to remand the case to the lower court with direction to address the merits of the petition.

Because I believe that this Court should not take over the role of the habeas corpus court for the sake of convenience, I dissent to that part of the majority opinion which addresses the merits of Bruce's claim and directs that his petition be denied on its merits.

I am authorized to state that Justice Hunstein and Justice Thompson join in this opinion.

DECIDED OCTOBER 5, 2001 —
RECONSIDERATION DENIED NOVEMBER 5, 2001.

*Jackson & Schiavone, Steven L. Sparger*, for appellant.
*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior*

*Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.