S07A0371. PRESTON v. THE STATE.
(647 SE2d 260)

BENHAM, Justice.

Andre Preston appeals from his conviction for two counts of malice murder, armed robbery, and possession of cocaine.[1] The evidence presented to the jury showed that in the early hours of January

---

[1] The crimes were committed in the early morning hours of January 1, 2002, and Preston was arrested that same morning. The DeKalb County grand jury indicted Preston on March 28, 2002, for malice murder (two counts), felony murder (three counts, two with aggravated assault underlying them, one with armed robbery underlying it), aggravated assault (two counts), armed robbery, and possession of cocaine. A jury trial conducted on January 27-29, 2003, resulted in guilty verdicts on all counts. The trial court sentenced Preston to consecutive terms of life imprisonment for the malice murder convictions, a concurrent 20-year sentence for armed robbery, and a concurrent 15-year sentence for possession of cocaine. The felony murder convictions were vacated by operation of law upon the sentencing for the malice murders, and

1, 2002, a police officer in DeKalb County observed a car dragging something hanging out of the driver's door and followed the car. When he realized the object being dragged was a human body, the officer turned on his blue lights, but the car kept going. The driver eventually stopped on the median of I-20, exited the car carrying a gun and a bag, jumped over the median wall, ran across the highway, and entered the woods on the other side. In the abandoned car's passenger seat was Danyon Walker, dead of a gunshot wound to the head, with bags of cocaine in his lap. The body dragged by the car was that of Lenita Howard, the owner of the car, who had been shot three times, one shot having come from a .44 caliber weapon. Officers chasing the man who ran from the car saw him crossing a creek, but lost him in the woods. A canine unit called to the scene located a .44 caliber revolver, $565 cash, a man's clothes with cocaine in them, and a shoulder bag. An officer who positioned himself on the other side of the woods into which the man ran apprehended Preston as he came out of the woods wearing only underwear and bearing scratches on his body from underbrush. Preston gave a first statement in which he claimed he had gotten a ride from Walker, whom he knew from a youth detention center, and a woman; that while he was out of the car relieving himself, two men robbed the victims and shot them; and he escaped in their car. In his second statement, Preston claimed he met Walker to buy drugs from him, that when Walker pointed a gun at him, he shot Walker and then shot the woman when she reached for Walker's gun. At trial, Preston testified he met Walker to sell him drugs, shot Walker when he tried to rob Preston, shot the woman when she reached for Walker's gun, accidentally shot her again with Walker's gun, then drove away in her car even though she remained tangled in her seatbelt after falling out of the car when Preston opened the driver's door.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find Preston guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Preston contends on appeal the statements he made during interrogation following his arrest were induced by a promise of benefit and the trial court's admission of the statements into evidence was error. "To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of

the remaining convictions merged into the malice murder convictions. Preston's motion for new trial was timely filed on February 28, 2003, was heard on May 12, 2006, and was denied on October 7, 2006. Pursuant to Preston's timely notice of appeal filed on October 10, 2006, this appeal was docketed here on November 14, 2006, and was submitted for a decision on the briefs.

benefit or remotest fear of injury." OCGA § 24-3-50. "Generally, the reward of a lighter sentence for confessing is the 'hope of benefit' to which [OCGA § 24-3-50] refers." *Taylor v. State*, 274 Ga. 269, 273 (2) (553 SE2d 598) (2001). The trial court put on the record at trial its findings that the statement introduced into evidence was voluntarily given without any hope of benefit. In the order denying Preston's motion for new trial, the trial court expanded on that ruling, noting that the interrogating officer never promised a lighter punishment in exchange for a confession or gave hope that a lighter punishment would result from a confession. A trial court's findings regarding the admissibility of an incriminating statement will be upheld on appeal unless clearly erroneous. *Pittman v. State*, 277 Ga. 475 (2) (592 SE2d 72) (2004).

Conceding there were no explicit promises of a lighter sentence, Preston points to the interrogating officer's discussion of the death penalty and life without parole and the officer's statement that the district attorney based the charges brought on a recommendation from the police, and argues that the comments would be meaningless if they did not amount to a promise of a lighter sentence than death or life without parole. Our review of the record persuades us the interrogating officer's comments about punishment amounted to no more than an explanation of the seriousness of Preston's situation, and his requests to Preston to permit him to help were the equivalent of the officer's urging in *Pittman v. State*, supra, 277 Ga. at 478, for the defendant "to tell the truth so that [the officer] could 'work this,' " and the officer's admonishment in *State v. Roberts*, 273 Ga. 514 (3) (543 SE2d 725) (2001), for the defendant to be truthful because, " 'We can't help you like this.' " "[A]dmonitions to tell the truth will not invalidate a confession." Id. The trial court's finding that Preston's statement was not the result of a hope of benefit given by the interrogating officer was not clearly erroneous and is consequently upheld.

3. The trial court charged the jury on the State's burden to disprove the defense of justification and followed that charge with an instruction that "[w]here the defense of justification is offered, it is the duty of the jury to consider it along with all the testimony in this case, and if the evidence, taken as a whole, raises reasonable doubt in the mind of the jury of the defendant's guilt, then you should acquit him." Preston contends the latter instruction shifts the burden of proof onto him because it states that the evidence of justification he offered must itself raise reasonable doubt in order for the jury to acquit. The language of the charge is not susceptible of that interpretation because it does not limit the jury's consideration to the evidence offered by the defendant, but expressly directs consideration of the evidence as a whole. In addition, the charge has been held by this Court to be a correct statement of the law that does not shift

the burden of proof to the defendant. *Fox v. State*, 238 Ga. 387 (2) (233 SE2d 341) (1977).[2] Preston's reliance on *Bishop v. State*, 271 Ga. 291 (2) (519 SE2d 206) (1999), to support his argument is misplaced since that case stands only for the proposition that a trial court must give, when requested, a charge that the State has the burden of disproving an affirmative defense, and does not condemn the addition of the charge involved here.

Notwithstanding our ruling that the charge as given did not shift the burden of proof to Preston regarding his justification defense, we take this opportunity to suggest to bench and bar that the charge not be given in the future. Though not burden-shifting, the charge could have the possibility of being confusing in a close case. The charge contains two truisms, that the jury must consider evidence of an affirmative defense and that the jury should acquit the defendant if the totality of the evidence raises a reasonable doubt of guilt, and serves no valuable purpose since those basic ideas are covered in other standard instructions. Since the instruction is so general, it could be seen to dilute the message of other more specific charges concerning affirmative defenses. Therefore, although the charge remains a correct statement of the law and does not serve to shift the burden of proof, it should no longer be given.

4. At trial, the State played for the jury a recording of telephone conversations Preston had with his mother while he was in jail, during which he discussed the murder weapon, whether the female victim actually threatened him, and how he should testify at trial. Preston complains that although he was aware the conversations were being recorded, he was never told the conversations could be used against him in court. Preston's invocation of *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), is unavailing since the warnings about self-incrimination required by that decision apply only to custodial interrogations. Although he was in custody, Preston's conversations with his mother were not the product of interrogation. See *Arizona v. Mauro*, 481 U. S. 520 (107 SC 1931, 95 LE2d 458) (1987) (recorded conversation with spouse in presence of police officer not product of interrogation); *Cook v. State*, 270 Ga. 820 (2) (514 SE2d 657) (1999) (coercion proscribed by *Miranda* must be caused by the police).

Preston also asserts that use of the recorded statements violated his right to privacy. To invoke the privacy protection of the Fourth Amendment, Preston must establish a legitimate expectation of

---

[2] In *Bruce v. Smith*, 274 Ga. 432 (2) (553 SE2d 808) (2001), this court clarified that the charge approved in *Fox* was not sufficient to render harmless a trial court's failure to give a requested charge that the State has the burden of disproving an affirmative defense, but did not disapprove the use of the instruction of which Preston complains.

privacy. *Katz v. United States*, 389 U. S. 347 (88 SC 507, 19 LE2d 576) (1967). While there appears to be no Georgia authority directly on point, federal courts and appellate courts of other states have decided this issue adversely to the position asserted by Preston. *United States v. Van Poyck*, 77 F3d 285, 290-291 (9th Cir. 1996) (no prisoner should reasonably expect privacy in outbound telephone calls to nonattorneys); *United States v. Sababu*, 891 F2d 1308, 1329 (7th Cir. 1989) (no reasonable expectation of privacy in content of personal phone calls placed by prisoner); *State v. Riley*, 287 Wis2d 244, 252 (704 NW2d 635) (2005) (no expectation of privacy in calls to nonattorneys placed on jail telephones); *State v. Smith*, 117 Ohio App.3d 656, 661 (691 NE2d 324) (1997) (no subjective expectation of privacy when prisoner has notice of telephone monitoring practice and elects to place call). Persuaded by the rationale of the cited cases, we hold Preston had no reasonable expectation of privacy in the calls he placed to his mother from jail. Accordingly, we find no error in the trial court's admission of evidence of the content of those calls.

*Judgment affirmed. All the Justices concur, except Thompson, J., who concurs in Divisions 1, 2, and 4, and in the judgment, and Carley and Hines, JJ., who concur specially.*

CARLEY, Justice, concurring specially.

I fully concur in Divisions 1, 2, and 4 of the majority opinion, and in the judgment of affirmance. I also agree with Division 3 that the justification charge of which Preston complains does not require the evidence offered by the defendant to raise reasonable doubt, "but expressly directs consideration of the evidence as a whole. In addition, the charge has been held by this Court to be a correct statement of the law that does not shift the burden of proof to the defendant. [Cit.]" Without citing any authority, however, the majority also suggests that the charge should not be given in the future.

Discouraging the use of a particular jury instruction is not a matter which can be taken lightly or with less than full and careful consideration. Indeed, such a statement effectively informs the bench and bar of the potential for this Court to take the further step of holding that the giving of the charge is error. *Harris v. State*, 273 Ga. 608, 610 (2) (543 SE2d 716) (2001).

The majority disregards a very similar portion of an alibi instruction which is found in the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3rd ed.), 3.11.10 and which was unanimously approved by this Court. *Patterson v. State*, 233 Ga. 724, 730 (7), fn. 2 (213 SE2d 612) (1975). See also *Pattillo v. State*, 250 Ga. 510, 513 (2) (299 SE2d 710) (1983); *Robinson v. State*, 229 Ga. 319, 320-321 (2) (191 SE2d 41) (1972). Furthermore, this Court specifically approved the latter part of the charge as a proper instruction for the jury "to

consider the evidence as a whole in determining if it had a reasonable doubt as to the defendant's guilt." *Anderson v. State*, 226 Ga. 35, 37-38 (5) (172 SE2d 424) (1970). Thus, our precedent indicates that the justification charge which was given in this case should not be labeled "confusing" merely because it "contains two truisms. . . . " (Maj. op., p. 213.)

Furthermore, the majority erroneously states that, "[s]ince the instruction is so general, it could be seen to dilute the message of other more specific charges concerning affirmative defenses." (Maj. op., p. 213.) The mere fact that one charge is general and others are specific is quite common and hardly cautions against their use. Instead, both should be encouraged where, as here, they are complementary. See *Mallory v. State*, 271 Ga. 150, 152 (2) (517 SE2d 780) (1999) (Benham, C. J.); *Malone v. State*, 277 Ga. App. 694, 697 (3) (627 SE2d 378) (2006). My review of the charges in this case does not reveal that the general charge diluted the specific charges in any manner or otherwise could cause the jury to misunderstand them. See *Gordon v. State*, 210 Ga. App. 224, 226 (2) (435 SE2d 742) (1993), overruled on other grounds, *Strickland v. State*, 223 Ga. App. 772, 775 (1) (a) (479 SE2d 125) (1996).

The majority's criticism of the justification charge at issue in this case is wholly without support. Nevertheless, the majority does not find any reversible error. Accordingly, although I strongly disagree with the criticism of the instruction in Division 3 of the majority opinion, I concur in the affirmance of the trial court's judgment.

I am authorized to state that Justice Hines joins in this special concurrence.

DECIDED JUNE 25, 2007.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.