CITY OF BROOKFIELD, Plaintiff-Respondent,

v.

Cathryn M. COLLAR, Defendant-Appellant.

Court of Appeals

*No. 88-1101. Submitted on briefs January 12, 1989.—Decided January 25, 1989.*

(Also reported in 436 N.W.2d 911.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Robert L. Pavlic* of *Hippenmeyer, Reilly & Moodie, S.C.* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *E. Joseph Kershek,* assistant city attorney for the city of Brookfield, of *Kershek and Kershek Law Offices,* of Brookfield.

On behalf of the state of Wisconsin an amicus curiae brief was filed by *Donald J. Hanaway,* attorney general, and *David J. Becker,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   Cathryn M. Collar was convicted of operating a motor vehicle while under the influence, in violation of a municipal ordinance of the city of Brookfield adopting sec. 346.63(1)(a), Stats. Collar raises only one issue on appeal: whether the Brookfield police officer exceeded her authority in placing Collar under arrest outside the corporate limits of Brookfield, contrary to sec. 62.09(13), Stats. Because we conclude that the arresting officer was engaged in fresh pursuit of Collar in accordance with sec. 175.40(2), Stats., we affirm.

On the morning of August 2, 1986, a Brookfield police officer observed a car with expired plates pass her location. At the same time, the officer noticed that the car was exceeding the posted speed limit. The officer followed the car for approximately one mile, further

observing the vehicle weaving within its lane and crossing the centerline twice. All of these observations were made within the city limits of Brookfield.

While both vehicles were stopped at an intersection, the officer made her determination to stop the vehicle. The officer testified that she did not activate her lights or sirens at the intersection because she did not want to cause Collar to enter the intersection against a red light in an attempt to let the officer pass. Upon leaving the intersection, the vehicles passed into the village of Elm Grove. The officer further testified that she did not activate her siren or lights at that time because, due to road construction, there was no room on the shoulder for a safe stop. After passing through the construction zone, the officer stopped the vehicle, required Collar to perform field sobriety tests, and placed Collar under arrest.

Collar argues that the arresting officer did not have authority to arrest Collar outside the officer's jurisdiction. Therefore, Collar urges that any evidence gleaned from that arrest should be suppressed and the case should be dismissed.

■

It is well accepted that the construction of a statute or application of a statute to a particular set of facts is a question of law which appellate courts review without deference to the trial court's reasoning. *Guertin v. Harbour Assur. Co.,* 141 Wis. 2d 622, 627, 415 N.W.2d 831, 833 (1987).

Section 62.09(13), Stats., authorizes police officers to arrest, with or without process, every person within the city engaged in any disturbance of the peace or violating any law of the state or ordinance of such city.

In addition, sec. 175.40(2), Stats.,[1] allows peace officers to arrest outside their jurisdiction under certain circumstances:

> [A]ny peace officer may, when in fresh pursuit, follow anywhere in the state and arrest any person for the violation of any law or ordinance the officer is authorized to enforce.

The issue here is whether the officer, by delaying the stop for safety reasons, continued in fresh pursuit of the defendant into the village of Elm Grove.

Collar argues that the doctrine of fresh pursuit, as embodied in sec. 175.40(2), Stats., does not apply to the facts of this case. We do not agree. Wisconsin courts have not developed specific standards defining "fresh pursuit."[2] However, several other jurisdictions have commonly defined fresh pursuit in the context of similar statutory language.

In *Charnes v. Arnold,* 600 P.2d 64, 66 (Colo. 1979), the Supreme Court of Colorado voiced the three criteria commonly utilized in determining fresh pursuit. First, the officer must act without unnecessary delay. *Id.* Second, the pursuit must be continuous and uninterrupted, but there need not be continuous surveillance of

---

[1]Although sec. 175.40, Stats., was amended by 1987 Wis. Acts 231, 399 and 403, none of these amendments affected the language at issue in this case.

[2]"Fresh pursuit" differs from "close pursuit" and "hot pursuit." "Close pursuit" allows an officer to cross state lines either in pursuit of a suspected felon or in fresh pursuit as defined by common law. *See* sec. 976.04, Stats. "Hot pursuit" is a doctrine which evolved to allow a warrantless entry when obtaining a warrant would constitute undue delay. *See State v. Welsh,* 108 Wis. 2d 319, 336, 321 N.W.2d 245, 254 (1982), *vacated and remanded,* 466 U.S. 740 (1984).

the suspect. *Id.* Finally, the relationship in time between the commission of the offense, the commencement of the pursuit, and the apprehension of the suspect is important. The greater the length of time, the less likely it is that the circumstances under which the police act are sufficiently exigent to justify an extrajurisdictional arrest. *Id.*

In this case, the officer responded immediately to suspicious driving behavior of Collar. Any delay between the officer's decision to stop Collar and the actual stop was reasonable in light of the officer's safety concerns about the intersection and the shoulderless construction zone. To find otherwise would encourage peace officers to stop and arrest in situations where safety dictates they wait. We find no unreasonable delay in the officer's pursuit of Collar. Additionally, that the pursuit was continuous and uninterrupted is undisputed. Finally, the periods of time between the commission of the offense, the commencement of the pursuit, and the apprehension of the suspect were very short, spanning several minutes at most.

We conclude that the officer was in fresh pursuit of Collar, and that the officer's extrajurisdictional arrest of Collar was proper. Therefore, the trial court properly refused to suppress any evidence.

Finally, Collar appears to argue that, due to her alleged illegal arrest, the trial court did not have jurisdiction over her and should have dismissed the case. We have concluded that Collar's arrest was legal. Furthermore, a legal arrest is not required for personal jurisdiction. *State v. Smith,* 131 Wis. 2d 220, 240, 388 N.W.2d 601, 610 (1986).

*By the Court.*—Judgment affirmed.