STATE of Wisconsin, Plaintiff-Respondent,

v.

James W. KEITH, Defendant-Appellant.†

Court of Appeals

*No. 02–0583–CR. Submitted on briefs August 1, 2002.—Decided February 6, 2003.*

2003 WI App 47

(Also reported in 659 N.W.2d 403.)

———

† Petition to review denied 4-22-03.

———

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Christopher A. Mutschler* of *Anderegg & Mutschler, LLP*, Fond du Lac.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Gilbert G. Thompson*, assistant district attorney for Dodge County, and the brief of *Kathleen M. Ptacek*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Vergeront, P.J., Roggensack and Lundsten, JJ.[1]

¶ 1. LUNDSTEN, J. James W. Keith appeals a judgment of the circuit court finding him guilty of operating a motor vehicle while intoxicated, third offense, contrary to WIS. STAT. § 346.63(1)(a). Keith argues that the evidence obtained pursuant to an investigatory stop by a police officer should have been suppressed because the stop occurred outside the officer's jurisdiction and the officer had no authority to conduct the stop. Keith also argues that the results of his blood test should have been suppressed because Keith asked for, but did not receive, an alternative breath test and because the officer failed to properly inform Keith of his right to request an alternative test. We disagree and affirm.

### *Background*

¶ 2. On November 14, 2000, Officer Eric Krueger was driving a marked squad car outside his jurisdiction. Officer Krueger observed a vehicle, driven by defendant Keith, pull out in front of him. It is undisputed that Officer Krueger made observations about Keith's driving sufficient to supply reasonable suspicion justifying a

---

[1] This case was converted from a one-judge appeal to a three-judge appeal pursuant to WIS. STAT. § 809.41(3) (1999–2000). All other references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

temporary investigative stop for suspicion of drunk driving. Officer Krueger signaled Keith to pull over and Keith complied. All of these events occurred outside Officer Krueger's jurisdiction. Nothing in the record suggests that statutory or other authority authorized the officer's actions outside his jurisdiction.[2]

¶ 3. After stopping Keith, Officer Krueger was joined by a county sheriff's deputy, Officer Ziorgen, whose jurisdiction covered the location of Keith's stop. Both officers made observations supporting probable cause to arrest Keith for drunk driving and Officer Ziorgen arrested Keith.

¶ 4. Officer Ziorgen transported Keith to a hospital so a blood sample could be drawn. En route to the hospital, Keith asked "if there were any tests that I could be taking." Officer Ziorgen replied that Keith was being taken for a blood test. At the hospital, Officer Ziorgen read an "Informing the Accused" form to Keith, who consented to a blood test. Officer Ziorgen testified that he read the entire form to Keith. In contrast, Keith testified that the officer read only part of the form. An analysis of Keith's blood sample revealed an alcohol concentration of .173%.

¶ 5. Keith was charged with operating a motor vehicle while under the influence of an intoxicant and operating a motor vehicle while having a prohibited alcohol concentration, as a third offense. Keith filed several pretrial motions: (1) Keith moved to suppress evidence obtained after the investigative stop on the

---

[2] For example, WIS. STAT. § 66.0313 provides that law enforcement personnel may, outside their jurisdiction, assist other law enforcement upon request. In this case, no such request was made. Section 66.0313 was previously numbered 66.305. The change was effective January 1, 2001, pursuant to 1999 Wis. Act 150, §§ 362, 363, 674.

grounds that Officer Krueger acted without authority because he was outside his jurisdiction; (2) Keith moved to suppress the results of the blood test, arguing that he requested, but did not receive, an alternative chemical test; and (3) Keith moved to preclude automatic admissibility of the blood tests because the officer failed to properly inform Keith of his right to request an alternative test.

¶ 6. The circuit court denied Keith's suppression motions. In particular, the court found that Keith did not request an alternative test and that Officer Ziorgen read the entire "Informing the Accused" form. Keith pled no contest to operating a motor vehicle while under the influence of an intoxicant, third offense.

## Discussion

### Investigative Stop Outside the Officer's Jurisdiction

¶ 7. Keith argues that suppression of all evidence following his stop is required because Officer Krueger had no authority to conduct an investigatory stop outside the officer's jurisdiction based on mere reasonable suspicion. Keith's argument is based on two assumptions: first, absent specific authorization, police officers outside their jurisdiction have no greater authority than private citizens, and, second, private citizens have no authority to perform investigatory stops based on reasonable suspicion of a crime; rather, private citizens may only conduct a citizen's arrest for crimes committed in their presence. However, we affirm the circuit court's suppression ruling because, regardless of his arguments, Keith has failed to allege the violation of a constitutional right or the violation of a statute requiring suppression as a remedy.

596

¶ 8. Suppression of evidence is "only required when evidence has been obtained in violation of a defendant's constitutional rights, or if a statute specifically provides for the suppression remedy." *State v. Raflik*, 2001 WI 129, ¶ 15, 248 Wis. 2d 593, 636 N.W.2d 690 (citations omitted). For example, a violation of the implied consent law does not render otherwise legally obtained evidence inadmissible. *See State v. Zielke*, 137 Wis. 2d 39, 51–52, 403 N.W.2d 427 (1987). Here, the State correctly points out, Keith has failed to identify a constitutional or statutory violation requiring suppression.

¶ 9. We acknowledge that at least two prior Wisconsin decisions seemingly support the type of analysis suggested by Keith. *See State v. Slawek*, 114 Wis. 2d 332, 338 N.W.2d 120 (Ct. App. 1983) (police officers outside their jurisdiction arrested defendant after observing him commit a burglary); *City of Waukesha v. Gorz*, 166 Wis. 2d 243, 479 N.W.2d 221 (Ct. App. 1991) (officer outside his jurisdiction stopped a suspected drunk driver). However, neither case holds that suppression is required merely because a police officer acts without authority outside his or her jurisdiction and neither case suggests any reason to ignore the well-established rule that suppression is required only when evidence is obtained in violation of a constitutional right or in violation of a statute providing suppression as a remedy. *See Raflik*, 248 Wis. 2d 593, ¶ 15.

*Whether Keith was Denied Access
to an Alternative Chemical Test*

¶ 10. Wisconsin Stat. § 343.305(5)(a) requires police to offer an alternative chemical test to persons who submit to a chemical test under § 343.305 and who

request an alternative test.[3] Keith argues that the results of his blood test should be suppressed because he requested and was denied access to an alternative breath test and because Officer Ziorgen failed to properly inform Keith of his right to an alternative chemical test. We reject both arguments.

¶ 11. In this case, the circuit court found that Keith did not request an alternative test. The germane underlying facts—that is, what Keith and the officer said—are not in dispute. When the facts are not in dispute, it might be argued that whether a defendant requested an alternative test is a legal question we should review *de novo*. *Cf. State v. Jennings*, 2002 WI 44, ¶¶ 20–24, 252 Wis. 2d 228, 647 N.W.2d 142 (when facts are not disputed, whether defendant has made a request for counsel is a legal question). On the other hand, our non-exhaustive research reveals that at least one prior case treats this question as one of fact, resulting in deferential review. *See State v. Renard*, 123 Wis. 2d 458, 460, 367 N.W.2d 237 (Ct. App. 1985). However, the parties have not briefed this issue and we need not decide it. Regardless of the level of deference required, we would affirm the circuit court.

¶ 12. The record shows that after Keith's arrest, while traveling to the hospital, Keith asked the officer "if there were any tests that I could be taking." The officer told Keith he was being taken to the hospital for

---

[3] WISCONSIN STAT. § 343.305(5)(a) reads, in relevant part:

> If the person submits to a test under this section, . . . [t]he person who submits to the test is permitted, upon his or her request, the alternative test provided by the agency under sub. (2) or, at his or her own expense, reasonable opportunity to have any qualified person of his or her own choosing administer a chemical test for the purpose specified under sub. (2).

a blood test. This exchange provides no indication that Keith found the officer's response unsatisfactory or that Keith was requesting a test different than the one he was told would be administered at the hospital.[4]

¶ 13. Keith also contends that Officer Ziorgen's failure to read the entire "Informing the Accused" form to him constituted a failure to properly inform Keith of his right to request an alternative test. We reject Keith's argument. Officer Ziorgen testified that he read the entire form to Keith. Keith testified that the officer read only part of the form. The circuit court believed Officer Ziorgen. We affirm that credibility finding because we cannot say that Officer Ziorgen's testimony on this point is "inherently or patently incredible." *See State v. Daniels*, 117 Wis. 2d 9, 17, 343 N.W.2d 411 (Ct. App. 1983). To the contrary, the record contains no reason to doubt the officer on this topic.

*By the Court.*—Judgment affirmed.

---

[4] The parties have not briefed and we do not decide whether Keith's purported request fell outside the requirements of WIS. STAT. § 343.305 because it occurred before the officer read the "Informing the Accused" form. *See State v. Piddington*, 2001 WI 24, ¶ 51, 241 Wis. 2d 754, 623 N.W.2d 528.