STATE of Wisconsin, Plaintiff-Appellant,

v.

Deonte D. RILEY, Defendant-Respondent.†

Court of Appeals

*No. 2004AP2321–CR. Oral argument June 10, 2005.
—Decided August 10, 2005.*

2005 WI App 203

(Also reported in 704 N.W.2d 635.)

† Petition to review denied 10-14-05.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Alan Lee*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general. There was oral argument by *Alan Lee*.

On behalf of the defendant-respondent, the cause was submitted on the brief of and there was oral argument by *William E. Schmaal*, assistant state public defender, Madison.

Before Anderson, P.J., Brown and Nettesheim, JJ.

¶ 1. ANDERSON, P.J. The issue presented in this case is whether the circuit court properly granted Deonte D. Riley's motion to suppress electronic surveillance evidence consisting of recordings of the outgoing telephone calls Riley placed from the Fond du Lac County jail. The Wisconsin Electronic Surveillance Control Law (WESCL), WIS. STAT. §§ 968.27–968.37 (2003–04),[1] expressly prohibits interceptions of both wire and oral communications absent a court order authorizing or approving such interceptions, with some exceptions. The State asserts that the monitoring and recording of Riley's jailhouse calls fell under the WESCL's exception for one-party consent surveillance and the recordings are admissible. We hold that because Riley received meaningful notice that his outgoing calls over the jail's telephones were subject to being recorded, his decision to engage in conversations over those phones constituted implied consent to that recording. The interceptions of his telephone calls were lawful and

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

246

the results of the interceptions are admissible in evidence so long as they are authenticated in accordance with § 968.29(3)(b). We reverse the order of the circuit court granting Riley's motion to suppress.

### *Facts*

¶ 2. In the early morning hours of March 25, 2004, a deputy with the Fond du Lac County Sheriff's Department pulled Riley over for speeding. When Riley rolled down his window, the deputy detected the odor of burnt marijuana emanating from the vehicle. The deputy and several back-up officers from the city of Fond du Lac searched Riley's vehicle and found marijuana. The deputy issued Riley a warning for speeding, but arrested him on a probation hold and took him to the Fond du Lac County jail.

¶ 3. Later that day, police received a report that someone was seen attempting to break into Riley's car, which had been left on the side of the highway when he was arrested. The Fond du Lac County Sheriff's Office responded and arrested Jason Seppel. Seppel informed police that he had received a call from "two girls" telling him that the police had "missed the drugs in the car and they told me to get the drugs out of the trunk." The police searched Riley's car after obtaining a search warrant and discovered more marijuana and cocaine.

¶ 4. The police later obtained recordings of telephone calls Riley had placed from the Fond du Lac County jail. Riley states in his response brief that the conversations "arguably tend to show that Riley had sought to have a friend move his automobile before the drugs were discovered by the police, but that the efforts proved unsuccessful."

¶ 5. Riley filed a motion to suppress the recordings, arguing that they were obtained in violation of the

WESCL. At a hearing on that motion, the parties stipulated that the factual record for the decision would consist of two documents. The first is a transcript of the recording a person hears from the jail when placing an outgoing collect call:

> THIS IS SBC PUBLIC COMMUNICATIONS WITH A COLLECT CALL FROM THE FOND DU LAC COUNTY JAIL FROM [CALLER'S NAME]. THIS CALL MAY BE RECORDED. FOR A RATE QUOTE DIAL "7." IF YOU WILL PAY FOR THE CALL DIAL "0." THANK YOU FOR USING SBC PUBLIC COMMUNI-CATIONS. SUPSECTED ILLEGAL CALLS MAY BE TERMINATED. TO PERMANENTLY BLOCK CALLS FROM THIS NUMBER, DIAL STAR "3."

The second is a Department of Justice investigative report that contains a transcript of some of Riley's jailhouse phone conversations. Following the hearing, the circuit court granted Riley's motion to suppress evidence. The State now appeals.

### *Standard of Review*

■

¶ 6. When we review a motion to suppress evidence, we will uphold the circuit court's findings of fact unless they are clearly erroneous. *See* Wis. Stat. § 805.17(2); *State v. Eckert*, 203 Wis. 2d 497, 518, 553 N.W.2d 539 (Ct. App. 1996). Whether the WESCL authorizes the interception and admission into evidence of Riley's jailhouse calls involves the application of a statute to a particular set of facts. As such, it is a question we answer without deference to the circuit court's reasoning. *See City of Brookfield v. Collar*, 148 Wis. 2d 839, 841, 436 N.W.2d 911 (Ct. App. 1989).

## *Discussion*

¶ 7. The State argues that we must reverse the circuit court's order granting Riley's motion to suppress evidence derived from the monitoring and recording of his jailhouse calls because the WESCL's one-party consent exception applies.[2] Pursuant to WIS. STAT. § 968.31(2)(b), an individual acting under the color of law may lawfully intercept oral and wire communications where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception. Pursuant to WIS. STAT. § 968.29(3)(b), these lawful interceptions

---

[2] The State also maintains that the WESCL's law enforcement exception applies. The State claims that "a law enforcement officer in the ordinary course of his or her duties" conducted the monitoring and recording of Riley's telephone conversations. *See* WIS. STAT. § 968.27(7)(a)2. Therefore, according to the State, law enforcement did not "intercept" Riley's communications and the WESCL does not apply. *See* § 968.27(9) (defining "intercept" as the "acquisition of the contents of any wire, electronic or oral communication through the use of *any electronic, mechanical or other device*" (emphasis added)); § 968.27(7)(a)2. (exempting from the definition of "electronic, mechanical or other device," monitoring and recording performed by law enforcement officers acting in the ordinary course of their duties). We will leave for another day the question of whether the monitoring and recording of jailhouse telephone calls falls outside the purview of the WESCL because it is conducted by law enforcement officers acting in the ordinary course of their duties. The record simply fails to provide us with the information we need to answer that question. Instead, we assume for purposes of this appeal, that the jail did intercept Riley's telephone calls and the WESCL's general prohibition on the interception of wire and oral communications absent court approval or authorization does apply. We will focus our attention on the State's contention that this case falls within the WESCL's one-party consent exception.

are then admissible in court proceedings in which a person is accused of a felony, provided the party who consented to the interception is available to testify at the proceeding or another witness is available to authenticate the recording.

¶ 8. The parties' dispute in this case concerns the scope of the consent exception. The State maintains that the SBC recording provided Riley with meaningful notice that his outgoing calls from the jail's telephones may be recorded. Therefore, the State concludes, when Riley continued with his calls after hearing the SBC announcement, he impliedly consented to their interception. Because he consented, the interceptions were lawful and their contents are admissible into evidence as long as they can be properly authenticated.[3]

¶ 9. Riley responds that he did not impliedly consent to the interception of his outgoing telephone calls for two reasons. He submits that the SBC announcement failed to adequately notify him that his calls would be recorded. He zeroes in on the fact that the SBC announcement stated that the call "may" be recorded, not that it definitely "will" be recorded, and maintains that "mere knowledge of the *capability* of monitoring alone cannot be considered implied con-

---

[3] The State seems to suggest that Riley's telephone conversations were "oral communications" as that term is defined in Wis. Stat. § 968.27(12). However, it appears that ordinary communication over a landline telephone, which was apparently used here, falls within the definition of "wire communication" found in § 968.27(17). *See State v. Smith*, 149 Wis. 2d 89, 94, 438 N.W.2d 571 (1989); *State v. Maloney*, 161 Wis. 2d 127, 131, 467 N.W.2d 215 (Ct. App. 1991). Wisconsin Stat. §§ 968.29(3)(b) and 968.31(2)(b) apply to both wire and oral communications; therefore, we need not discuss the issue further.

sent." He also claims that there is no evidence that he actually heard the SBC announcement when he placed his calls.

■

¶ 10. The WESCL is patterned after Title III of the federal Omnibus Control and Safe Streets Act of 1968. *State ex rel. Arnold v. County Court of Rock County*, 51 Wis. 2d 434, 443, 187 N.W.2d 354 (1971). We therefore look to the federal courts' interpretations of the Title III consent exception for guidance. *See id.*; *State v. Gilmore*, 201 Wis. 2d 820, 825, 549 N.W.2d 401 (1996) ("[O]ur interpretation of WESCL benefits from the legislative history of Title III as well as from federal decisions that have considered Title III. Title III provides the minimum standard against which an interception must be judged." (Citations omitted.)).

¶ 11. Courts interpreting the federal law have concluded that "[C]onsent may be express or may be implied in fact from 'surrounding circumstances indicating that the [defendant] knowingly agreed to the surveillance.' " *United States v. Van Poyck*, 77 F.3d 285, 292 (9th Cir. 1996) (second alteration in original) (citing *United States v. Amen*, 831 F.2d 373, 378 (2d Cir. 1987)). The federal circuit courts that have addressed the consent exception in the prison setting have overwhelmingly concluded that an inmate has given implied consent to electronic surveillance when he or she is on notice that his or her telephone call is subject to monitoring and recording and nonetheless proceeds with the call. *See United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000); *Amen*, 831 F.2d at 378–79; *United States v. Willoughby*, 860 F.2d 15, 19–20 (2d Cir. 1988); *United States v. Workman*, 80 F.3d 688, 693–94 (2d Cir. 1996); *United States v. Hammond*, 286 F.3d 189, 192 (4th Cir. 2002); *United States v. Horr*, 963 F.2d

1124, 1126 (8th Cir. 1992); *Van Poyck*, 77 F.3d at 292. *But see United States v. Daniels*, 902 F.2d 1238, 1244–45 (7th Cir. 1990) (expressing reservations about finding Title III's consent requirement satisfied in this context).

¶ 12. We rely on this developed federal consensus on the scope of the consent exception and apply it to the WESCL. We have every reason to believe that in passing the WESCL, our legislature, like the federal legislature, would have included within the meaning of consent an inmate's implied acceptance of having his or her calls recorded. Although the WESCL does reflect congressional concern for protecting privacy rights, *see State v. Gil*, 208 Wis. 2d 531, 539–40, 561 N.W.2d 760 (Ct. App. 1997),[4] that concern does not extend to inmates of a county jail. Jail inmates have no expectation of privacy in calls to nonattorneys placed on institutional telephones; their right to privacy is outweighed by the institution's need for safety and security. *See J.A.L. v. State*, 162 Wis. 2d 940, 948–49, 971 n.8, 471 N.W.2d 493 (1991) (noting in dicta that law enforcement officials' monitoring of some of an inmate's conversations in the interview rooms of a juvenile detention center did not violate the WESCL because the inmate had no justifiable expectation of privacy in "the context of a jailhouse setting"). *Van Poyck*, 77 F.3d at 290–91 ("no prisoner

[4] The WESCL was designed to give law enforcement the authority to record the conversation of people suspected of serious crimes. *State v. Gil*, 208 Wis. 2d 531, 539, 561 N.W.2d 760 (Ct. App. 1997). It was carefully drafted, however, to prevent the "indiscriminate or uncontrolled or unsupervised use of electronic surveillance by law enforcement officers or agencies." *Id.* (citation omitted). The WESCL therefore represents a legislative compromise between law enforcement's need to detect and prosecute criminal activity and the public's desire for privacy. *Id.* at 540.

should reasonably expect privacy in his [or her] outbound telephone calls" and "institutional security concerns justify such recordings"); *Hammond*, 286 F.3d at 193–94 ("Though the [federal surveillance law] does reflect congressional concern for protecting privacy, that concern does not extend to prison inmates, given their substantially reduced expectation of privacy."); *Footman*, 215 F.3d at 155 (citing *Hudson v. Palmer*, 468 U.S. 517 (1984), for the proposition, "[p]rison inmates have few expectations of privacy in their communications").

■

¶ 13. We therefore hold that so long as an inmate is given meaningful notice that his or her telephone calls over institutional phones are subject to surveillance, his or her decision to engage in conversations over those phones constitutes implied consent to such surveillance.[5] Meaningful notice may include a signed acknowledgement form, an informational handbook or orientation session, a monitoring notice posted by the outbound telephone, or a recorded warning that is heard by the inmate through the telephone receiver, prior to his or her making the outbound telephone call. *See Footman*, 215 F.3d at 154 (signed form, notices on phones and prerecorded messages played when phone calls placed); *Amen*, 831 F.2d at 379 (federal prison regulations, orientation lecture, informational hand-

---

[5] Riley also suggests that we must interpret the WESCL differently than its federal counterpart because the WESCL contains a prohibition on the interception of communication between an attorney and a client and Title III does not contain such a prohibition. *See* WIS. STAT. § 968.30(10). However, we do not know from the scant record that the jail's monitoring and recording policy would even sweep in such privileged communication and therefore implicate § 968.30(10). Further, Riley does not assert that he made a call to his attorney that was improperly intercepted by the jail's recording system.

book and signs posted); *Willoughby*, 860 F.2d at 20 (orientation lecture, signs posted, signed form); *Workman*, 80 F.3d at 693 (posted signs, orientation handbook and signed form); *Hammond*, 286 F.3d at 191–92 (handbook, consent form, orientation lesson, and notices posted near phones); *Horr*, 963 F.2d at 1126 (orientation handbook and lesson, consent form, posted signs); *Van Poyck*, 77 F.3d at 292 (posted signs, consent form and prison manual); *People v. Kelley*, 127 Cal. Rptr. 2d 203, 206–07 (Ct. App. 2002) (citing federal cases for proposition that meaningful notice would include a monitoring notice posted by a phone "*or a recorded warning that is heard by the inmate*") (emphasis added; citation omitted).

¶ 14. Riley received the requisite meaningful notice. Prior to phone calls placed from the jail telephones, the inmates hear the SBC announcement. The announcement warns inmates that the call "may be recorded." The fact that the announcement contains the permissive modal auxiliary verb "may" rather than the obligatory modal auxiliary verb "will" is of no consequence. By using the permissive "may," the announcement does not, as Riley suggests, merely inform inmates that the jail has the "capability" to record telephone calls; it also raises the possibility that the jail would proceed to record the calls. Such notice—a prerecorded message played over the telephone system informing inmates that outgoing calls are subject to surveillance—is sufficient to hold that an inmate has impliedly consented to monitoring or recording.

¶ 15. Further, we are not persuaded by Riley's argument that he did not actually hear the SBC announcement. At the suppression hearing, Riley's attorney noted, "[w]hat we have here is we have an individual advised that his telephone conversations may be recorded." Also, the transcripts of Riley's phone calls evidence his awareness that his telephone calls could be

254

monitored or recorded.[6] Because Riley had meaningful notice that his calls were subject to recording, he consented to their interception when he used the jail's phone system.

### *Conclusion*

¶ 16. In sum, we conclude that Riley consented to the monitoring and recording of his outgoing telephone calls from the Fond du Lac County jail. He received meaningful notice that his phone calls were subject to surveillance, but nonetheless chose to proceed with his calls. Therefore, his communications were lawfully intercepted under the WESCL and the evidence derived from the interceptions is admissible as long as the authentication procedures set forth in WIS. STAT. § 968.29(3)(b) are met.[7]

---

[6] In one conversation Riley states: "Don't say nothing about you know what." In a later call when the person he is calling asks, "What was you going to grab," Riley responds, "Over the phone?" The next day Riley states, "They trying to jam me. I can't explain it over the phone." Later that same day, Riley and the person he is calling have the following exchange:

Female states, "The shit that they said was up in there."

RILEY states, "There ain't no shit. Shut the fuck up. You don't ever say that again."

Female states, "Why you yelling at me?"

RILEY states, "What the fuck you think I'm yelling for?"

Female states, "You should, I can't say it, I'll write it in a letter."

RILEY states, "You don't write it in a letter. They read letters."

Female states, "Your kickers were never opened."

RILEY states, "Shut the hell up! Damn! You've said enough already. *If I understand, everybody else can too.*" (Emphasis added.)

[7] In our notice of oral argument, we asked the parties to debate whether the supreme court's decision in *State ex rel. Arnold v. County Court of Rock County*, 51 Wis. 2d 434, 443, 187

*By the Court.*—Order reversed and cause remanded.

N.W.2d 354 (1971), continues to be viable given the subsequent amendments to the WESCL. In *Arnold,* our supreme court held that evidence derived from one-party consent surveillance, while lawfully obtained, was inadmissible. *Id.* at 444. The court explained that the WESCL, as written, drew a distinction between authorizing law enforcement to conduct one-party consent surveillance and permitting law enforcement to later disclose the results of such surveillance at trial. *See id.* at 442–43. At the time, the statute provided that law enforcement interception of communications in one-party consent situations was "not unlawful," but that only communications "intercepted in accordance with" the WESCL, or in other words communications intercepted with the approval of or authorization by a circuit court, could be disclosed by being admitted in evidence. *See id.* at 442. According to the court, by lowering the evidentiary value of one-party consent surveillance, the legislature intended to discourage law enforcement from using this method to gather evidence and thereby to protect the privacy rights of the general public. *Id.* at 442–43.

Although the legislature has since created an exception to the admissibility requirements for one-party consent surveillance in felony cases, we conclude that the core message of *Arnold* has survived. The court's distinction between interception and admissibility may apply in other situations. Further, the legislature has not weakened the WESCL's protections for individual privacy. Thus, except for felony one-party consent interceptions, court authorization or approval is still required. Court authorization or approval is still required for interceptions of wire and oral communications covered by the WESCL to be admissible in court proceedings. *See* Wɪs. Sᴛᴀᴛ. § 968.29(3)(a) (permitting the disclosure in court proceedings of communications intercepted "in accordance with ss. 968.28–968.37").