STATE of Wisconsin, Plaintiff-Respondent,

v.

Troy Curtis CHRISTENSEN, Defendant-Appellant.†

Court of Appeals

*No. 2006AP1565–CR. Submitted on briefs April 26, 2007.*
*—Decided June 6, 2007.*

2007 WI App 170

(Also reported in 737 N.W.2d 38.)

---

† Petition to review denied 8/14/07.

---

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jefren E. Olsen*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Sally L. Wellman*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

¶ 1. SNYDER, P.J. This appeal stems from Troy Curtis Christensen's motion to suppress transcripts of recorded telephone calls he made from jail while awaiting trial. The circuit court denied Christensen's motion, holding that Christensen had no expectation of privacy regarding the phone conversations and by his conduct waived any statutory or constitutional protections that may have applied. Ultimately, Christensen pled no contest to one count of first-degree sexual assault of a child under thirteen years of age. He reserved his right to appeal from the judgment based on the court's suppression ruling. Having reviewed the record and the relevant law concerning telephone intercepts under the Wisconsin Electronic Surveillance Control Law (WESCL), WIS. STAT. §§ 968.27–968.37 (2005–06),[1] we conclude that the court properly denied the motion to suppress. We therefore affirm the judgment of conviction.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2. In May 2004, Christensen was arrested for sexual assault of a child and child enticement. Following the preliminary hearing, the State charged him with two counts of first-degree sexual assault of a child, two counts of child enticement, and one count of exposing genitals to a child. Christensen was held in the county jail under cash bail set for the pending charges and on a probation hold in a prior misdemeanor case.

¶ 3. During his first month in custody at the jail, Christensen made more than ninety telephone calls. Calls from the jail are digitally recorded by a telephone management system provided by MCI. Every outbound

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version.

call placed by an inmate incorporates a recorded message stating:

> This is MCI. This call may be recorded or monitored. I have a collect call from [caller's name], an inmate at the Racine County Jail, a correctional facility in Wisconsin. If you wish to accept and pay for this call, dial zero. Your call is being connected. Thank you for using MCI.

The message repeats that "this call may be recorded or monitored" approximately ten minutes into the call. These messages can be heard by all parties to the call. Even though the message states that the call *may* be recorded, the practice at the jail is to record every outbound call.

¶ 4. Deputy Thomas Knaus, an investigator from the Racine County Sheriff's Department who was assigned to the sexual assault case, was informed by the victim's guardian that she was being pressured by Christensen's family to drop the charges. On June 20, Knaus listened to recordings of sixty-five calls that Christensen made to his sister, Heather. He noted that at times, Christensen would call Heather, who would then dial Christensen's girlfriend and they would have a three-way conversation. The assistant jail administrator, Lieutenant John Gordon, explained that the jail's telephone system is "supposed to shut down 3–way calls, but the inmates have found loopholes in that system we have been unable to stop." Therefore, at times, it is possible to have a three-person conversation on an inmate's outgoing call.

¶ 5. On one occasion, Christensen called Heather who then called Christensen's attorney to join the conversation. Knaus testified that he did not listen to any communication between Christensen and his attorney:

Knaus: The only call that I believe Mr. Christensen's attorney was involved in whatsoever was one of the calls I listened to. He instructed his sister to contact his attorney three-way, which is in violation of the rules of the Racine County Jail.

Question: You listened to that phone call?

Knaus: That was right at the end of a call, and he asked her to do it, and she did, and the call terminated.

Question: So you never heard [Christensen's attorney] discuss this case?

Knaus: No, I did not.

¶ 6. Knaus observed that after the first week or so of phone calls, Christensen and Heather began talking to each other using a coded language that Knaus likened to a type of pig-Latin. He called on another of Christensen's family members to help him break the code so that he could understand what was being said. Eventually, he discovered that several conversations between Christensen and Heather contained incriminating statements about what Christensen did to the victim.

¶ 7. Knaus had eight of the conversations transcribed and made copies for the prosecutor and for the defense. The State planned to introduce the transcripts into evidence at trial. It is undisputed that none of the intercepted communications included Christensen's attorney. Christensen moved to suppress the transcripts of the recorded calls. At the motion hearing, the circuit court ruled that recording the calls and subsequently listening to and transcribing them did not violate the WESCL. It reasoned that, because the system's recorded warning notified Christensen and others on the call that they may be recorded or monitored, they

implicitly consented to such recording by continuing to converse. The court further noted that Christensen clearly understood the system's warning because he told other parties to the conversation that they should be careful what they say and because Christensen and his sister spoke in code to thwart any effort to understand the recording.

¶ 8. Christensen pled no contest to the charge of first-degree sexual assault of a child and the remaining charges were dismissed and read in for sentencing. Christensen appeals from the judgment of conviction, arguing that the circuit court erred when it denied his motion to suppress.

## DISCUSSION

¶ 9. When we review a motion to suppress, we uphold the circuit court's findings of fact unless they are clearly erroneous. *State v. Eckert*, 203 Wis. 2d 497, 518, 553 N.W.2d 539 (Ct. App. 1996). Whether the court properly applied the law is a question we answer without deference to the circuit court. *See City of Brookfield v. Collar*, 148 Wis. 2d 839, 841, 436 N.W.2d 911 (Ct. App. 1989). The relevant law is the WESCL, Wis. Stat. §§ 968.27–968.37, which generally prohibits the interception of telephone calls without a court order, but provides exceptions under certain circumstances. For our purposes here, the key language of the WESCL is as follows:

> **(9)** (a) Any aggrieved person in any trial, hearing or proceeding in or before any court, department, officer, agency, regulatory body or other authority of this state, or a political subdivision thereof, may move before the trial court or the court granting the original warrant to

suppress the contents of any intercepted wire, electronic or oral communication, or evidence derived therefrom, on the grounds that the communication was unlawfully intercepted; the order of authorization or approval under which it was intercepted is insufficient on its face; or the interception was not made in conformity with the order of authorization or approval.

. . . .

**(10)** Nothing in ss. 968.28 to 968.37 shall be construed to allow the interception of any wire, electronic or oral communication between an attorney and a client.

. . . .

**(2)** It is not unlawful under ss. 968.28 to 968.37:

. . . .

(b) For a person acting under color of law to intercept a wire, electronic or oral communication, where the person is a party to the communication or one of the parties to the communication has given prior consent to the interception.

WIS. STAT. §§ 968.30(9)(a), (10) and 968.31(2)(b).

¶ 10. In a recent case with similar facts, we held that "so long as an inmate is given meaningful notice that his or her telephone calls over institutional phones are subject to surveillance, his or her decision to engage in conversations over those phones constitutes implied consent to such surveillance." *State v. Riley*, 2005 WI App 203, ¶ 13, 287 Wis. 2d 244, 704 N.W.2d 635, *review denied*, 2005 WI 150, 286 Wis. 2d 100, 705 N.W.2d 661. In *Riley*, we considered the recorded warning together with indicators that Riley heard and understood the warning. *Id.*, ¶ 15 n.6. We concluded that "[b]ecause

Riley had meaningful notice that his calls were subject to recording, he consented to their interception when he used the jail's phone system." *Id.*, ¶ 15.

¶ 11.   Christensen distinguishes his appeal from *Riley*, relying primarily on the prohibited interception of communication between an attorney and a client. In *Riley*, we expressly left that issue for another day, noting that the "scant" record provided no indication that the jail's monitoring system would implicate WIS. STAT. § 968.30(10) and that Riley never asserted that he made a call to his attorney that was illegally intercepted by the jail's system. *See Riley*, 287 Wis. 2d 244, ¶ 13 n.5.

¶ 12.   Christensen correctly points out that "what was not known in *Riley* is clear in this case:   *All* telephone calls that inmates make from the jail using the jail's telephone system are recorded." Christensen argues that because the Racine county jail's telephone system records every call an inmate makes including, potentially, calls to the inmate's attorney, the standard warning that the calls are recorded cannot be used to establish implied consent. Thus, the jail's system violates WIS. STAT. § 968.30(10), which prohibits the interception of communication between attorney and client. Christensen reads the statute very broadly, reasoning that because the statute prohibits intercepting calls to an attorney, the jail's phone system is unlawful and all calls intercepted through this unlawful system must be suppressed.

¶ 13.   The State responds that Christensen's reading of the statute is "wholly at odds with conventional Fourth Amendment law." It compares this situation to a search pursuant to a valid search warrant where evidence that is within the scope of the warrant is seized along with evidence outside the scope of the warrant. In

such a case, the circuit court must only suppress the evidence that was beyond the scope of the lawful search. *See State v. Petrone*, 161 Wis. 2d 530, 548–49, 468 N.W.2d 676 (1991). The general rule is that items seized within the scope of the warrant need not be suppressed simply because items outside the scope of the warrant also were seized. *Id.* at 548.

¶ 14.   Christensen asserts that the search warrant analogy fails because it assumes the warrant was properly issued in the first place whereas here the intercepts are illegal from the outset. WISCONSIN STAT. § 968.30(10) expressly provides that *nothing* in the WESCL should be construed to allow interception of communications between attorney and client. The statute does not state that such conversations can be recorded but must be kept confidential. It does not state that conversations can be recorded but never transcribed. Further, it does not state that such recordings are inadmissible as evidence at trial. The statute simply states that communication between an attorney and client cannot be lawfully intercepted. Therefore, Christensen argues, "[i]f a telephone call could entail an attorney-client communication, then interception of the call is always unlawful under the WESCL and can not be justified by implied one-party consent."

¶ 15.   We agree with the State that Christensen reads the statute too broadly. The jail can lawfully intercept communications between an inmate and someone other than his or her attorney if there is consent. That consent, as established by *Riley*, can be implied where an inmate is warned of the intercept and where the inmate's words and actions indicate that the inmate heard and understood the warning. *See Riley*, 287 Wis. 2d 244, ¶ 15.

155

¶ 16. Christensen questions any reliance on *Riley* because the analysis there drew heavily from federal law, Title III of the Omnibus Control and Safe Streets Act of 1968. Wisconsin's prohibition on intercepting communication between attorney and client has no federal counterpart. *See Riley*, 287 Wis. 2d 244, ¶¶ 10–12, 13 n.5. Chrisensen's argument is not fatal to our analysis and is beyond the scope of this appeal. There is no attorney and client communication at issue here. Christensen did not demonstrate that the jail intercepted a call to his attorney and the State never sought to introduce evidence gained from any such communication.

¶ 17. In any event, the WESCL provides remedies for improperly intercepted communication. One remedy is suppression. *See* Wis. Stat. § 968.30(9)(a). Christensen argues that this remedy is insufficient. It would allow the State to intercept his calls to his attorney, become privy to confidential information such as defense strategies, and then simply not offer the conversations into evidence at trial. We agree that this is a serious concern; however, the legislature has already addressed it. If one were to illegally intercept Christensen's communication with his attorney, one would be liable under the penalties set forth in Wis. Stat. § 968.31(1). That section provides in part:

> [W]hoever commits any of the acts enumerated in this section is guilty of a Class H felony:
>
> . . . .
>
> (c) Discloses, or attempts to disclose, to any other person the contents of any wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the inter-

ception of a . . . communication in violation of this section or under circumstances constituting violation of this section.

(d) Uses, or attempts to use, the contents of any wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a . . . communication in violation of this section or under circumstances constituting violation of this section.

(e) Intentionally discloses the contents or any oral, electronic or wire communication obtained by authority of ss. 968.28, 968.29 and 968.30, except as therein provided.

WIS. STAT. § 968.31(1)(c) – (e). We are persuaded that the legislature has crafted a statutory scheme that protects attorney-client communication. Where a call is not between attorney and client, and there are sufficient indicators of consent to the intercept, the evidence derived from the intercepted communication is admissible at trial. *See Riley*, 287 Wis. 2d 244, ¶ 16. Here, Christensen and Heather were on the line when the MCI message advised that the call may be recorded or monitored, Christensen told Heather to be careful what she said on the calls, and both used coded language designed to circumvent the recordings. These facts are sufficient to establish implied consent.

¶ 18. The State also offers the law enforcement exception to the general rule that intercepts are unlawful. Under WIS. STAT. §§ 968.27(7)(a)2. and (9), a recording made "by a law enforcement officer in the ordinary course of his or her duties" is not an "intercept" as defined by the WESCL. Christensen counters that the jail's outgoing calls are recorded on a system owned and maintained by MCI and therefore are not covered by

157

the law enforcement exception. Because we have already concluded that the evidence derived from Christensen's conversations with his sister are admissible under the consent exception, we need not address another WESCL exception. *See Patrick Fur Farm, Inc. v. United Vaccines, Inc.*, 2005 WI App 190, ¶ 8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707 (we decide cases on the narrowest possible grounds), *review denied,* 2005 WI 150, 286 Wis. 2d 100, 705 N.W.2d 661.

## CONCLUSION

¶ 19.   We reject Christensen's argument that all intercepts by the Racine county jail are unlawful because the telephone intercept system has the potential to record inmates' calls to their attorneys. *Cf. Petrone*, 161 Wis. 2d at 548 (addressing evidence seized within and outside the scope of a search warrant). The State sought to introduce evidence of conversations that Christensen had with his sister that fall under the consent exception to the WESCL. The circuit court ruled the evidence was admissible and we affirm.

*By the Court.*—Judgment affirmed.