COURT OF APPEALS
DECISION
DATED AND FILED

November 5, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP154-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2023CT836

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

　　PLAINTIFF-RESPONDENT,

　V.

RICHARD T. WESKE,

　　DEFENDANT-APPELLANT.

---

　　　　APPEAL from a judgment of the circuit court for Waukesha County: MICHAEL J. APRAHAMIAN, Judge. *Affirmed.*

¶1 GROGAN, J.[1] Richard T. Weske appeals from a judgment of conviction entered following his no-contest plea to operating while under the influence of an intoxicant (OWI), third offense, contrary to WIS. STAT. § 346.63(1)(a). Specifically, Weske asserts the circuit court erred when it denied his pretrial motion to suppress evidence.[2] For the reasons that follow, this court affirms.

## I. BACKGROUND

¶2 Village of Hartland Police Department Officer Dillon Gurgul initiated a traffic stop in June 2023 for a suspected OWI after observing a motorist, later identified as Weske, weaving within his (Weske's) lane of traffic while traveling eastbound on State Trunk Highway 16 west of Merton Avenue in Hartland. Weske filed a pretrial motion to suppress evidence asserting the investigatory traffic stop constituted an unreasonable seizure contrary to the Fourth Amendment[3] on the ground that Officer Gurgul was without authority to conduct the investigatory stop because the stop occurred outside his jurisdiction.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

[2] The Honorable Michael J. Aprahamian entered the judgment of conviction. The Honorable Paul Bugenhagen, Jr., presided over the suppression hearing and entered the order denying Weske's suppression motion.

Weske also filed a motion for reconsideration of the circuit court's denial of his suppression motion, which the court, Judge Bugenhagen presiding, also denied in a written order. Because Weske argues only that the court erred in denying the suppression motion and because this court concludes that the circuit court did not err in denying the motion—albeit on alternate grounds—it is unnecessary to address the motion for reconsideration. *See State v. Lickes*, 2021 WI 60, ¶33 n.10, 397 Wis. 2d 586, 960 N.W.2d 855 ("Issues that are not dispositive need not be addressed." (quoted source omitted)); *Martinez v. Rullman*, 2023 WI App 30, ¶5, 408 Wis. 2d 503, 922 N.W.2d 853 (this court decides cases on the narrowest possible grounds).

[3] U.S. CONST. amend. IV.

Weske argued that absent fresh pursuit or a request from another law enforcement agency, Officer Gurgul could not lawfully conduct an investigative traffic stop outside of his jurisdiction. The circuit court held an evidentiary hearing on the suppression motion, at which only Officer Gurgul testified.

¶3 According to Officer Gurgul, while driving "eastbound [on] Highway 16 towards [the village of Hartland's] east borders" at around midnight on June 23, 2023, he observed two vehicles enter the road ahead of him from the nearest entrance ramp. He explained that although he initially intended to turn around and head back towards Hartland, he observed one of the vehicles weaving from left to right within its lane multiple times and instead followed the vehicle into a neighboring jurisdiction where he observed the vehicle begin to weave over the lane markers on Capitol Drive. Officer Gurgul explained that it was at that point that he believed he had reasonable suspicion that Weske was operating while under the influence and therefore initiated the investigatory traffic stop.[4]

¶4 Based on Officer Gurgul's testimony, Weske's counsel argued that Officer Gurgul had neither reasonable suspicion nor extra-territorial authority to

---

[4] Prior to stopping the vehicle, the officer contacted Waukesha County Communications to provide notification that he was conducting a traffic stop. The Village of Pewaukee police arrived at the scene, and Officer Gurgul described "the observations that [he] had made on … Highway 16" and his belief that "the driver may be under the influence." Officer Gurgul explained that the Pewaukee police determined he should conduct the stop because he had "made all the initial observations."

The Complaint indicates that during the course of the stop, Officer Gurgul observed additional signs of intoxication and requested that Weske perform field sobriety testing. The Complaint further alleges that Weske failed this testing and was placed under arrest after the preliminary breath test further indicated intoxication. This court does not address these allegations for two reasons—first, Weske's suppression motion specifically addressed reasonable suspicion for the traffic stop itself, and second, Officer Gurgul's testimony was limited to the circumstances leading to the stop and not his subsequent observations.

conduct the traffic stop outside of Hartland's jurisdiction and that the traffic stop was therefore an unreasonable seizure for which the remedy was suppression.

¶5      After reciting its factual findings, including that it found Officer Gurgul to be credible, the circuit court immediately thereafter denied Weske's motion based on its understanding of *State v. Keith*, 2003 WI App 47, ¶¶7-9, 260 Wis. 2d 592, 659 N.W.2d 403, which it said excludes suppression as a remedy for an extra-territorial traffic stop.  It also clarified that there was no fresh pursuit. The court later signed a written order confirming the denial "for reasons stated on the record" and also denied Weske's subsequent motion for reconsideration. Weske ultimately pled no contest to OWI as a third offense contrary to WIS. STAT. § 346.63(1)(a), and the court thereafter entered a judgment of conviction.[5]  Weske now appeals.[6]

## II.  STANDARD OF REVIEW

¶6      "[A]n order granting or denying a motion to suppress evidence" presents "a question of constitutional fact, which requires a two-step analysis" on appellate review.  *State v. Asboth*, 2017 WI 76, ¶10, 376 Wis. 2d 644, 898 N.W.2d 541.  "First, we review the circuit court's findings of historical fact under a deferential standard, upholding them unless they are clearly erroneous.  Second, we independently apply constitutional principles to those facts."  *State v.*

---

[5] The Judgment of Conviction further reflects that the fine enhancer set forth in WIS. STAT. § 346.65(2)(g)1 applied based on Weske's blood alcohol concentration.

[6] The circuit court granted Weske's request to stay his sentence pending the outcome of this appeal.

*Robinson*, 2010 WI 80, ¶22, 327 Wis. 2d 302, 786 N.W.2d 463 (internal citations omitted).

### III. DISCUSSION

¶7 On appeal, Weske asserts the circuit court erred in denying his suppression motion and specifically contends that the court, despite correctly determining Officer Gurgul was not in fresh pursuit at the time of the extra-territorial stop under WIS. STAT. § 175.40(2), nevertheless erred in concluding that suppression was not required pursuant to cases such as *City of Brookfield v. Collar*, 148 Wis. 2d 839, 436 N.W.2d 911 (Ct. App. 1989), and *Keith*. According to Weske, because Officer Gurgul did not conduct the traffic stop within his own jurisdiction, the stop was unreasonable and therefore violated the Fourth Amendment, thus requiring suppression as a remedy for the constitutional violation.

¶8 In response, the State argues that the circuit court did not err because Officer Gurgul had the authority to act under WIS. STAT. § 175.40(6)(a) and (d) when read together, or, alternatively, WIS. STAT. § 349.03(4). As to § 175.40(6)(a), the State says that Officer Gurgul met the statutory requirements because he was "on duty and on official business[,]" was "taking an action that he … would be authorized to take under the same circumstances in his … territorial jurisdiction[,]" and was "acting to respond" to "[a]n emergency situation that poses a significant threat to life or of bodily harm" (drunk driving). *See id.* In regard to § 175.40(6)(a), the State further asserts that the limitation set forth in § 175.40(6)(d), which requires that a "peace officer's supervisory agency" is required to have undertaken certain prior activities, did not apply because Officer Gurgul's testimony confirmed that he contacted Waukesha County

Communications to notify the Pewaukee Police Department that he was performing a traffic stop within its jurisdiction.

¶9 Alternatively, the State argues that WIS. STAT. § 349.03(4) unambiguously provides "that if a violation of [WIS. STAT.] § 346.03 [the OWI law] occurs within a law enforcement officer's jurisdiction, he or she may enforce the violation anywhere in the state[.]" Here, the State says, "[i]t is undisputed that Officer Gurgul was within his jurisdiction when he spotted Richard Weske's vehicle swerve within his lane at a late hour of the night" and that based on § 349.03(4) and *State v. Haynes*, 2001 WI App 266, 248 Wis. 2d 724, 638 N.W.2d 82, Officer Gurgul was authorized to pursue Weske into another jurisdiction to conduct the stop.

¶10 Finally, the State also asserts that regardless of whether Officer Gurgul was authorized to conduct the extra-territorial stop, the circuit court correctly concluded that suppression was not warranted under *Keith* and *State v. Raflik*, 2001 WI 129, 248 Wis. 2d 593, 636 N.W.2d 690, because Weske "failed to identify a constitutional or statutory violation requiring suppression."

¶11 Turning to WIS. STAT. § 349.03(4), that statute provides, as relevant, that "[i]f a violation under … [WIS. STAT. §] 346.63 … occurs within a law enforcement officer's jurisdiction, he or she may enforce the violation anywhere in the state." Section 346.63, in turn, addresses OWI violations. Weske did not file a Reply brief responding to the State's arguments; therefore, he has conceded that § 349.03(4) authorizes an extra-territorial traffic stop to investigate a suspected OWI that occurred within the officer's jurisdiction. *See, e.g.*, *State v. Chu*, 2002 WI App 98, ¶41, 253 Wis. 2d 666, 643 N.W.2d 878 ("Unrefuted arguments are deemed admitted."); *State v. Verhagen*, 2013 WI App 16, ¶38, 346 Wis. 2d 196,

827 N.W.2d 891 ("Unrefuted arguments are deemed conceded."); *State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) ("[T]he Court of Appeals of Wisconsin is a fast-paced, high-volume court" that does not "serve as both advocate and judge."); *Doe 1 v. Madison Metro. Sch. Dist.*, 2022 WI 65, ¶35, 403 Wis. 2d 369, 976 N.W.2d 584 (appellate courts "'do not step out of our neutral role to develop or construct arguments for parties'" (citation omitted)). Accordingly, under these circumstances, the only thing this court must determine is whether Officer Gurgul had the requisite reasonable suspicion that Weske was operating while under the influence contrary to § 346.63 necessary to conduct the traffic stop.

¶12    A police officer may conduct a traffic stop if he has reasonable suspicion that a traffic violation has been or will be committed. *See State v. Houghton*, 2015 WI 79, ¶30, 364 Wis. 2d 234, 868 N.W.2d 143 ("reasonable suspicion that a traffic law has been or is being violated is sufficient to justify all traffic stops."). Reasonable suspicion must be based on "'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *Id.*, ¶21 (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)). If reasonable suspicion exists, the seizure is reasonable and does not offend the Fourth Amendment. *State v. Adell*, 2021 WI App 72, ¶¶14-15, 399 Wis. 2d 399, 966 N.W.2d 115. "The reasonableness of a stop is determined based on the totality of the facts and circumstances." *State v. Post*, 2007 WI 60, ¶13, 301 Wis. 2d 1, 733 N.W.2d 634.

¶13    Here, Officer Gurgul testified at the motion hearing on Weske's suppression motion, and the circuit court determined Officer Gurgul was credible. Based on that testimony, the court found that Officer Gurgul first observed Weske's vehicle "[j]ust after midnight" and that while within his jurisdiction,

Officer Gurgul observed Weske "weaving within the lane[.]" The court further found that Officer Gurgul, after following Weske beyond Officer Gurgul's jurisdiction, observed Weske "weaving … on and over the lines -- dividing lanes of travel" and noted that it was at that point that Officer Gurgul believed "that he had reasonable suspicion for an OWI[.]"[7] Having reviewed the Record, the court's factual findings, which it noted were based on Officer Gurgul's credible testimony, are not clearly erroneous. *See Robinson*, 327 Wis. 2d 302, ¶22.

¶14 Under the second part of the analysis, this court "independently appl[ies] constitutional principles to" the circuit court's factual findings to determine whether reasonable suspicion existed. *See id.* "The legal determination of reasonable suspicion is an objective test: 'What would a reasonable police officer reasonably suspect in light of his or her training and experience.'" *State v. Anagnos*, 2012 WI 64, ¶60, 341 Wis. 2d 576, 815 N.W.2d 675. An "officer 'must be able to point to specific and articulable facts' supporting reasonable suspicion, and an officer's subjective belief can be considered in the totality of the circumstances." *Id.* (citations omitted). Based on the totality of the circumstances, this court is satisfied that Officer Gurgul had reasonable suspicion to suspect Weske was operating while under the influence. *See id.*; *Post*, 301 Wis. 2d 1, ¶13 ("The reasonableness of a stop is determined based on the totality of the facts and circumstances.").

---

[7] The circuit court also acknowledged Officer Gurgul's testimony that it was difficult to read Weske's license plate. While an illegible license plate can serve as a basis for a traffic stop in and of itself, *see* WIS. STAT. § 341.15(2), it is unnecessary to address that aspect of Officer Gurgul's testimony here.

¶15    First, Officer Gurgul observed Weske weaving within his lane of traffic. While this alone is insufficient to support reasonable suspicion, *see* ***Post***, 301 Wis. 2d 1, ¶2, Officer Gurgul shortly thereafter also observed Weske weave outside of his lane of travel. Second, Officer Gurgul's observations occurred after midnight—less than two hours prior to bar time—and it is well-established that the time of day can inform the reasonable suspicion analysis. *See, e.g.*, ***id.***, ¶36 (noting that although officer's observation of vehicle weaving in lane occurred at 9:30 p.m. was "not as significant as when poor driving takes place at or around 'bar time,'" the time gave "further credence" to officer's suspicion of OWI); ***State v. Lange***, 2009 WI 49, ¶32, 317 Wis. 2d 383, 766 N.W.2d 551 (time of night of traffic stop is relevant factor in OWI investigation). Third, Officer Gurgul noted that the road conditions were "fine" at the time in question. Finally, Officer Gurgul testified that he had attended "drug recognition expert school[,]" confirmed that he was a drug recognition expert, and stated that he had performed 113 OWI arrests during his career.[8] Accordingly, this court concludes that when taken together, these facts are sufficient to lead a reasonable officer to suspect that a driver might be operating while under the influence contrary to WIS. STAT. § 346.63.

¶16    Having concluded Officer Gurgul had sufficient reasonable suspicion to conduct a traffic stop for a suspected violation of WIS. STAT. § 346.63, this court further concludes that under the circumstances here, where the State argued that WIS. STAT. § 349.03(4) granted Officer Gurgul authority to

---

[8] Officer Gurgul testified that he had held his position with the Village of Hartland Police Department since June 2018. Although it is not clear from Officer Gurgul's testimony as to whether he held any positions prior to joining the Village of Hartland Police Department, at the time of the June 2023 traffic stop, Officer Gurgul had been an officer for at least five years.

conduct a traffic stop outside of his jurisdiction and Weske conceded that the State's position is correct by failing to file a Reply, Officer Gurgul had authority to conduct the traffic stop. Because he was statutorily authorized to do so, this court affirms the circuit court's decision denying Weske's suppression motion, albeit on different grounds.

¶17 As a final note, in light of the conclusion set forth above, it is unnecessary for this court to further address the parties' arguments regarding the applicability of WIS. STAT. § 175.40(2) and (6) or whether the circuit court correctly determined that suppression was not an available remedy even in the absence of fresh pursuit. *See* ***State v. Lickes***, 2021 WI 60, ¶33 n.10, 397 Wis. 2d 586, 960 N.W.2d 855 ("Issues that are not dispositive need not be addressed." (quoted source omitted)); ***Martinez v. Rullman***, 2023 WI App 30, ¶5, 408 Wis. 2d 503, 992 N.W.2d 853 (this court decides cases on the narrowest grounds possible).

*By the Court*.—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.